## McKENZIE *vs.* HUNT & ANDREWS.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Set-off.*—In an action on a promissory note, by a remote endorsee against the maker, a set-off against an intermediate holder is not available ; sections 1530 and 1531 of the Code being, in this respect, substantially the same as the act of 1812.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. S. D. HALE.

THIS action was brought by William A. McKenzie against Hunt & Andrews, as partners, and was founded on the defendants' promissory note for $175, dated the 14th February, 1853, and transferred to the plaintiff through several intermediate holders. The defendants pleaded payment and set-off, and issue was joined on those pleas.

On the trial, after the plaintiff had read in evidence the note sued on, the defendants introduced one Flournoy as a witness, who testified, "that being indebted to Bass Nichols, one of the late firm of Nichols & Sinquefield, witness called on Hunt, one of the defendants, at the instance of said Nichols, to ascertain if said Hunt & Andrews would receive the note sued on in payment of a debt due to them from Nichols & Sinquefield,—said Nichols having agreed to receive said note from witness in payment of the debt due from him, provided Hunt & Andrews would receive

it from him in payment of the debt due to them from Nichols & Sinquefield; that Hunt agreed to accept said note in part payment of said debt; that witness obtained said note, in consequence of this understanding, and delivered it to Nichols in payment of the debt due to him from witness; and that said Nichols received said note because Hunt had undertaken to receive it in payment of the debt due from Nichols & Sinquefield to Hunt & Andrews, to be applied in payment of said debt. The plaintiff proved that, before the transactions spoken of by the witness Flournoy occurred, the firm of Nichols & Sinquefield had been dissolved; and objected to the evidence of said Flournoy, showing the acts and declarations of said Nichols at the time of the delivery of said note to him by Flournoy, and to his declarations inducing Flournoy to procure said note; but the court overruled the objection, and plaintiff excepted. The defendants offered in evidence, also, the record of a judgment of the circuit court of Barbour in their favor, against said Nichols & Sinquefield, for a sum larger than the amount of the note sued on; and proved, that it was founded on an account for lumber furnished by them to said Nichols & Sinquefield in the summer and fall of the year 1854, which was prior to the transactions spoken of by the witness Flournoy relative to the transfer of said note. The plaintiff then proved, that said Sinquefield transferred said note to him, a short time after the transactions proved by Flournoy, in payment of a debt due to him from Nichols & Sinquefield; and that defendants, after the commencement of this suit, brought their action against Nichols & Sinquefield, for the whole amount of their account, and obtained a judgment therefor."

"This being all the evidence adduced on the trial, the court charged the jury, that if the note sued on was in the hands of said Nichols during the existence of said account due from Nichols & Sinquefield to defendants, as proved, then it was a good answer to this action, and the plaintiff could not recover;" to which charge the plaintiff excepted, and which he now assigns as error, together with the rulings of the court on the evidence.

E. C. BULLOCK, for the appellant, cited Kennedy v. Manship, 1 Ala. 43 ; and Stocking v. Toulmin, 3 Stew. & Porter, 35.

L. L. CATO, *contra*, cited Hoyt, Ford & Robinson v. Murphy, 18 Ala. 319; Huckabee v. May, 14 Ala. 263.

STONE, J.—This case must be reversed on the merits. Sections 1530 and 1531 of the Code are, on this subject, substantially the same as the 1st section of the act of 1812. Clay's Digest, 381-2, § 6.   Under the act of 1812, it has always been held, that a set-off against an intermediate holder of a promissory note cannot be maintained—See authorities on the brief.

To sustain the defense relied on in this case, it was necessary to prove such a contract as, in substance, amounted to a payment.   A contract of that description would have vested in the defendants the *property* in the note which is the subject of this suit; such a title as they could have maintained detinue upon.   We apprehend no one would contend that, under the agreement between Nichols and Hunt & Andrews, the *ownership* of the note passed to them.   In truth, the note did not then belong to Nichols, and of course he could not convey a title to another.

The agreement was, at most, executory, so far as the promise of Nichols was concerned.   Whether that promise rested on a sufficient consideration to maintain an action against him for its breach, we need not now inquire.

The case of Kennedy v. Manship, 1 Ala. 43, is decisive of this.

Reversed and remanded.