## THOMPSON vs. RAWLES.

[ASSUMPSIT ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *When motion to suppress deposition must be made.*—A motion to suppress a deposition, on account of the incompetency of the witness from interest, comes too late (Code, § 2328) when the deposition is offered on the trial.
2. *Discharge of note by contemporaneous oral agreement.*—An executory oral agreement, made contemporaneously with the execution of a promissory note, is not available as a defense to an action on the note, without proof of its performance; and this, notwithstanding its performance is proved to be impossible.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Wilridge C. Thompson, against Joseph C. Rawles, and was commenced in March, 1852; the cause of action being a promissory note, of which the following is a copy:

"One day after date, I promise to pay W. C. Thompson, or bearer, two hundred and fifty dollars, for value received, February 23, 1848.        J. C. RAWLES."

It appeared from the evidence adduced on the trial, as

the same is set out in the bill of exceptions, that the plaintiff and one Devereux, in February, 1837, sold to one A. Livingston, through his agent William Dick, a certain tract of land, or their interest therein; and executed a receipt to said Livingston or Dick in these words:

"Received from William Dick one thousand dollars in cash, and a note on Aaron Livingston for one thousand dollars, payable the first day of January next, with the understanding that five hundred dollars is to be paid by the first day of January next, for our interest in a certain tract of land; and, at a convenient time, we promise to execute a bond 'to refund the amount paid us, provided the title to said land should not prove to be in us. This 28th February, 1837." (Signed by said Thompson and Devereux.)

This instrument was assigned to said Rawles, by one Robert Watson, the agent of Livingston, by a written endorsement in these words: "I do hereby transfer the within bond to J. C. Rawles, for A. Livingston, this 25th March, 1842;" which was signed by said Watson.

The tract of land referred to was an Indian reservation, and the title proved not to be in Thompson and Devereux. Thompson stated, in answer to interrogatories propounded to him by the defendant, that "the condition of the note sued on" was as follows: "At the time said note was given, affiant met with defendant in the city of Montgomery; and defendant then stated to him, that he held the bond of affiant and Devereux, given to Aaron Livingston, and that it had been transferred to him. Affiant offered to pay him $250 for said bond. Defendant looked for said bond, and said he could not find it. Affiant then told him, that if he would get up the bond, and deliver it to affiant within twelve months, he would give him $250. Defendant said, he could and would do so; that he knew where Livingston was, and could get the bond from him, if he himself did not have it, within much less time than twelve months. Upon these representations and promises of the defendant, affiant advanced $250 to him, and took from him the note sued on, which, with the interest thereon, was to be repaid to (?) unless

Thompson v. Rawles.

the defendant got up and delivered said bond." The plaintiff further stated, that the "bond" above referred to was not the receipt of himself and Devereux above copied, but a bond which they had executed to Livingston as stipulated in said receipt; and that the defendant had never procured and delivered up the bond. On the part of the defendant it was contended, and evidence was adduced by him tending to show, that the "bond" referred to was the said receipt, and that no other bond was ever executed to Livingston by Thompson and Devereux.

During the trial, the defendant offered to read the deposition of Livingston. The plaintiff objected to it, on the ground that the witness was incompetent from interest. The court overruled the objection, because it came too late, and allowed the deposition to be read as evidence to the jury; and the plaintiff excepted.

The defendant offered in evidence a letter written by Livingston to the plaintiff, (but not shown to have ever been in the plaintiff's possession,) dated the 28th May, 1852, and in these words:

"Dear Sir: I am informed by Mr. J. C. Rawles, that you are of the opinion that you and J. Devereux gave me a bond to refund the one thousand dollars which was paid you by William Dick for the 'Sally' tract of land. Now, I assure you that there never was any bond given, more than the receipt acknowledging the receipt of the money, which is now the property of Mr. J. C. Rawles; and further, if there ever was one given, I have no recollection of it; and as you seem to apprehend there was, I now again relinquish all the right I have or may have had to J. C. Rawles."

The court allowed this letter to be read to the jury, "not as evidence of the facts therein stated, that no bond to refund had been given to Livingston, &c., but as evidence of a transfer or relinquishment of Livingston's right to the defendant;" and the plaintiff excepted.

There were several other exceptions to the rulings of the court on the evidence, which require no notice.

"The court charged the jury, among other things, that

if they believed from the evidence that the two hundred and fifty dollars, for which the note sued on was given, was intended by the parties as a payment to the defendant for his interest, legal or equitable, in the paper receipt herein above set forth, and in discharge of the plaintiff's liability arising upon it, or of the liability of the plaintiff and Devereux; and if the note sued on was executed and delivered, with the understanding between the parties, that it was not to be valid or binding, if the refunding bond provided for by the receipt was taken up by the defendant, for the plaintiff, within the time agreed on between them; and that no such bond was ever given or existed,—then the note was without consideration, and the plaintiff was not entitled to recover."

The plaintiff excepted to this charge, and he now assigns it as error, together with the rulings of the court on the evidence.

CLOPTON & LIGON, with whom were WILLIAMS & GRAHAM, for the appellant.

WM. P. CHILTON, and WM. F. BARNES, contra.

STONE, J.—The motion to suppress the deposition of Livingston came too late, and was rightly overruled. McCreary v. Turk, 29 Ala. 244, and authorities cited.

[2.] The circuit court mistook what we consider the legal bearing of the defense relied on in this case. It raised no material question on the consideration of the note, for the testimony clearly shows that Mr. Thompson gave to Mr. Rawles, at the time the note was executed, two hundred and fifty dollars in money, the amount for which the note was taken. On this point, the appellant and appellee are agreed. The parties also agree that, at the time the note was executed, there was a cotemporaneous oral agreement in reference to what should be a discharge of the liability imposed by the note. On the terms of that collateral oral agreement, the parties are widely at issue.

As we understand this record, we think the only phase in which this defense could be made available to the

defendant, was that considered and settled in the case of McNair and Wife v. Cooper, 4 Ala. 660. The oral agreement, without its performance, was worth nothing. If, however, the parties orally agreed, that if defendant would do a certain thing, it should operate a payment and discharge of the note, and the defendant thereupon did do and perform that certain thing, then the defense was made out. It should have been left to the jury to determine what the terms of the collateral agreement were, and whether defendant had complied with them.

It results from what we have said, that it will not profit the defendant, if he succeed in establishing the impossibility of compliance with the terms of that agreement on his part; in other words, if he prove there is in fact no such outstanding bond or paper, as that which he agreed to procure or deliver up. It is the *performance* of the collateral agreement, which makes out the defense.

It would seem from the evidence recited in the bill of exceptions, that one of the important inquiries in this case is, what was the paper which Rawles was to procure, or deliver up? If it was not the paper which he procured from Livingston's agent, but a bond given pursuant to the terms of that agreement, then it seems to be conceded that he never complied with such agreement.

The letter of Livingston to Thompson, so far as it speaks of past or present outside facts, was inadmissible. As evidence of a transfer then made, perhaps it was properly admitted.

What we have said above will sufficiently guide the primary court in another trial.

Reversed and remanded.