## COLLINS vs. SEAY.

[ACTION ON PROMISSORY NOTE, BY ENDORSEE AGAINST MAKERS.]

1. *Discharge of note by contemporaneous parol agreement.*—In an action on a promissory note, by an endorsee against the makers, a plea in bar, averring that the defendants executed the note at the instance and request, and as the surety of a third person, who, though not a party to the note or suit, is the real party in interest in the suit ; that by special agreement between their said principal and the plaintiff, (which agreement was the inducement and consideration for the execution of the note by the defendants,) their principal had the right to substitute other notes on responsible persons of sufficient amount to pay said note, and said note was not to be put in suit by plaintiff; and that their principal, in pursuance of said agreement, did make a tender of good notes on other responsible persons, which the plaintiff refused to accept, and which are now brought into court by their principal,—is demurrable.

APPEAL from the Circuit Court of Barbour.

The record does not show the name of the presiding judge.

THIS action was brought by John H. Seay, against Wilson Collins and Giles C. Efurd, and was founded on the defendants' promissory note for $1,933 33, dated the 4th December, 1856, and payable on the 1st March, 1858, to T. C. Milsap, by whom it was endorsed to the plaintiff. The defendants filed a special plea, in the following words: "The defendants, for answer to the said complaint, say, that the note sued on was executed by them at the instance and request, and as the surety of one Hart Collins, who is the real party in interest in this suit; that by special agreement between said Hart Collins and plaintiff, (which was the inducement to the eexcution of said note by the defendants, and the consideration for making said note by them,) said Hart Collins had the right to substitute other notes on responsible persons, of sufficient amount to pay said note, and said note was not to be put in suit by plaintiff. And defendants aver, that said Hart Collins did, according to said agreement with plaintiff, and prior to said suit, make a tender to plaintiff of per-

fectly good notes on responsible persons, of sufficient amount to pay said note; that plaintiff, in violation of said agreement with said Hart Collins, refused to receive said notes in lieu of the note here sued on; that said Hart Collins has always been ready to perform his said contract with plaintiff, and offered to do so before the commencement of this action, and that he now brings said notes into court, to take up the note sued on." The court below sustained a demurrer to this plea, (on what ground the record does not disclose,) and its ruling is here assigned as error.

PUGH & BULLOCK, for appellants, cited the following cases: Murchie v. Cook & McNab, 1 Ala. 42; Simonton v. Steele, 1 Ala. 357; Barlow v. Fleming, 6 Ala. 146; Honeycutt v. Strother, 2 Ala. 135; Morrison v. Morrison, 6 Watts & S. 516; Corbin v. Sistrunk, 19 Ala. 203; Newton v. Jackson, 23 Ala. 335; Eckles & Brown v. Carter, 26 Ala. 563.

J. BUFORD, contra, cited McNair and Wife v. Cooper, 4 Ala. 660.

STONE, J.—The judgment of the circuit court is affirmed, on the authority of the following cases: Thompson v. Rawles, 33 Ala. 29; Cowles v. Townsend & Milliken, 31 Ala. 133; McNair v. Cooper, 4 Ala. 660; and Walker v. Greene, 22 Ala. 679.