## ALABAMA AND MISSISSIPPI RIVERS RAIL-ROAD CO. vs. SANFORD & REID.

[ACTION AGAINST RAILROAD COMPANY, BY ASSIGNEE OF ENGINEER'S CER-TIFICATE FOR WORK DONE BY CONTRACTOR.]

1. *Proof of execution of written instrument on which suit is founded.*—In an action against a railroad company, on a certificate issued by its engineer for work done by a contractor, (which certificate is al-leged to have been signed and issued. by the engineer as the au-thorized agent of the corporation, and to have been transferred by the contractor to plaintiff;) there being no sworn plea, denying the execution of the certificate,—the instrument itself is evidence of the existence of the debt, (Code, §§ 2238, 2278-79,) and that it was made on sufficient consideration.

2. *Admission of superfluous evidence.*—The admission of evidence to prove a fact which is admitted by the pleadings, is, at most, error without injury.

3. *Who is proper party plaintiff; averment and proof of ownership of demand.*—A certificate, issued and signed by the chief engineer of a railroad company, in these words: "This is to certify, that the sum of $1000 is due to A. B. from the Ala. & Miss. Rivers Railroad Company, for bridging and track-laying",—is a contract for the payment of money, within the meaning of the statute (Code, § 2129) requiring an action to be brought in the name of the party really interested; an averment, that the payee assigned the said certifi-cate, by endorsement, to the plaintiff, is a sufficient allegation of the latter's ownership and interest; and in the absence of a sworn plea, denying the assignment, proof thereof is not required of the plaintiff.

4. *Sufficiency of consideration; admissibility of parol evidence to vary writ-ing.*—In an action against a railroad company, by the assignee of a certificate issued by its engineer to a contractor for work done on the road, proof of an oral agreement between the contractor and

704 ALABAMA.

Ala. and Miss. Rivers Railroad Co. v. Sanford & Reid.

the engineer, to the effect that the certificate should be used in paying a debt due from the contractor to a stockholder, who was indebted to the railroad company, is not admissible for the defendant. If such agreement was made after the issue and delivery of the certificate, it is without consideration; if made before the issue and delivery of the certificate, and as an inducement to its issue, its effect is to vary the terms of the certificate.

5. *Presumption as to settlement of accounts on execution of note; admissibility of evidence to prove payment or set-off.*—On settlement of accounts between a debtor and his creditor, a note being given for the ascertained balance, an order, previously given by the creditor to a third person, if then accepted or paid, is presumed to have entered into the settlement; but, if the order was accepted and paid after the settlement, proof of such acceptance and payment is necessary to render it admissible evidence under the plea of payment or ' set-off.

6. *Competency of stockholder as witness for private corporation.*—A stockholder in a railroad company is not a competent witness for the corporation.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was brought by the appellees, as the assignees of Leach & Donoho, and was founded on a written instrument, of which the following is a copy:

"CERTIFICATE No. 204.
Engineer's Office, Ala. & Miss. Rivers R. R. Co., }
Selma, May 18th, 1855. }
$1108 21. This is to certify, that the sum of eleven hundred and eight 21-100 dollars is due to Leach & Donoho, from the Alabama and Mississippi Rivers Railroad Company, for bridging and track-laying.
LEWIS TROOST, Engineer.
To James L. Price, president.
Attest: Jas. L. Price, president."

The second count in the complaint was as follows: "The plaintiffs claim of the defendant, also, eleven hundred and eight 21-100 dollars, due on a certificate in the following words", &c., (setting out the certificate above copied;) "and plaintiffs aver, that said Lewis Troost was the engineer of said road, appointed by said defendant,

JUNE TERM, 1860. 705

Ala. and Miss. Rivers Railroad Co. v. Sanford & Reid.

and had the full power and authority as such, by virtue of the charter of said company, and of the laws, ordinances and resolutions of the board of directors thereof, to issue said certificate, and to direct it to the president of said railroad company for his attestation; and that said certificate was so directed, and received the attestation of the president of said company, and, when so attested, by virtue of the said charter, laws, ordinances and resolutions of said company, became and was obligatory on said defendant to pay the same, and the defendant thereby became liable to pay the same, according to the tenor and effect thereof; that afterwards, and before said certificate was paid, said Leach & Donoho, by their written endorsement on said certificate, assigned the same to plaintiff, and requested said defendant to pay to plaintiff the said sum of money therein specified, with the interest due thereon; of all which said defendant had due notice, and, by reason thereof, became liable to pay to plaintiff the said sum of money mentioned in said certificate, and being so liable, afterwards," &c., promised to pay, &c. A demurrer was interposed to this count, but the record does not show what disposition was made of it; nor does it show what pleas were filed.

On the trial, as the bill of exceptions shows, the plaintiffs read in evidence the defendant's charter, (Session Acts 1849–50, p. 159,) with the act amendatory thereof, (Session Acts 1851–2, p. 216,) and then offered in evidence the certificate above copied. "The defendant objected to the admission of said certificate, because there was no proof of its execution; and because there was no proof of any authority from defendant to said Troost to make said certificate, or to said Price to approve it; or that said Troost was the engineer, or said Price the president of said railroad company at that date; or that said Troost and Price had any authority, the one as engineer, and the other as president, to bind the defendant by any such certificate." The plaintiffs then introduced a witness who proved the signatures of Troost and Price, and further testified, that Troost acted as the defendant's engineer during the year 1855, and issued similar certificates for

706 ALABAMA.

Ala. and Miss. Rivers Railroad Co. v. Sanford & Reid.

work done on the road; and that one of these certificates, within his knowledge, was paid by the defendant. The court overruled the several objections to the certificate, and the defendant excepted; and exceptions were also reserved by the defendant to the admission of the evidence by which Troost's agency was sought to be established.

The defendant then read in evidence, after proof of its execution, an order drawn by Leach & Donoho, dated the 11th April, 1855, and directed to "D. A. Boyd, treasurer of the Alabama and Mississippi Rivers Railroad Co.", in these words: "On the 1st June next, please pay to the order of P. J. Weaver eight hundred and seventy-five 04-100 dollars, which amount you are requested to retain out of our first estimates after date, or before if final settlement should be made with us, for value received, with interest from date." The defendant then read in evidence the deposition of one Fox, who was an assistant engineer of said railroad company, from October, 1854, to August, 1855, and who testified, substantially, as follows: that he was present in the office of said railroad company in Selma, in April, 1855, when Leach & Donoho were making a settlement with the chief engineer and treasurer of said railroad company, for work done by them as contractors; that the parties failed to effect a full settlement, because Leach & Donoho claimed a larger sum than the engineer and treasurer admitted to be due to them; that the former then asked the issue of three certificates, for an aggregate amount not exceeding what was admitted to be due to them, "to enable them to settle claims outstanding against them"; that one of those claims was in favor of P. J. Weaver, who was indebted to the railroad company for unpaid stock, and to whom Leach & Donoho were indebted; that it was agreed between the parties, before the certificates were issued, that one of said certificates, "for about eleven hundred dollars, was to be used by Leach & Donoho to liquidate said Weaver's claim against them, and could be used by said Weaver as part payment of his stock"; that said certificate was issued in pursuance of this arrangement, and was delivered to Leach & Donoho, and that Weaver was

JUNE TERM, 1860.                707

Ala. and Miss. Rivers Railroad Co. v. Sanford & Reid.

not present at the time.   The defendant then introduced
as witnesses D. A. Boyd, the treasurer of said railroad
company, and one N. Waller, each of whom was a stock-
holder in said railroad ·company.   The plaintiffs having
objected to the competency of said witnesses on the
ground of interest, "the defendant's counsel stated to the
court, that he expected to prove that said Boyd, as treasu-
rer of said railroad company, had accepted said order of
Leach & Donoho; that said certificate, or the money due
upon it, belonged to said ·Weaver; that the defendant
admitted its liability to pay said certificate, or the money
due on it, either to plaintiff, or to said Weaver, but not
to both; and therefore insisted that the defendant's in-
terest was balanced."   The court sustained the objection
to the competency of the witnesses, and the defendant
excepted.   The defendant offered no other evidence, and
the court then excluded from the jury, on the plaintiffs'
motion, the order of Leach & Donoho, and the testimony
of Fox, above mentioned; to which the defendant excepted.

"This being all the evidence, the court charged the
jury, at the request of the plaintiffs, that if they believed
the evidence, they should find for the plaintiffs; to which
charge the defendant excepted."

The several rulings of the court on the evidence, and
the charge to the jury, are now assigned as error.

ALEX. & JNO. WHITE, for appellant.

BYRD & MORGAN, contra.

STONE, J.—Although there is a demurrer found in
this record, yet we do not find that any disposition was
made of it in the court below.   Hence, we will not pass
upon the sufficiency of the several counts, further than
to say, we find no defect in the second special count—the
one under which this trial was probably had—when that
count is construed under the liberal rules of pleading pro-
vided by the Code.   The second special count is based on
the written contract, or certificate of the engineer of the
railroad.   The count avers the authority of the engineer
to issue such certificate, that he did issue it, its attestation

708 ALABAMA.

Ala. and Miss. Rivers Railroad Co. v. Sanford & Reid.

by the president of the company, and that the company thereby became bound for its payment. This, then, is a written contract, the foundation of the suit, purporting to be signed by the agent of the party sought to be charged; and there being no sworn plea, denying the execution of such instrument, the same was, *per se,* evidence of the existence of the debt sued for, and that it was made on sufficient consideration.—Code, §§ 2238, 2278, 2279; May v. Hewitt, 33 Ala. 162; Ala. Coal Mining Co. v. Brainard, 35 Ala. 476.

[2.] The principle above asserted renders it unnecessary that we should inquire as to the legality or sufficiency of the testimony which was offered to show the official relations which Messrs. Frost and Price sustained to the defendant corporation. Those relations were admitted by the pleadings; and whether the evidence was legal or illegal, it could have worked no injury.—Shep. Dig. 568, §§ 90, 91.

[3.] The claim sued on in this case is a contract for the payment of money, which must be prosecuted in the name of the party really interested.—Code, § 2129. The complaint sufficiently shows, that the present plaintiffs had the right to maintain this suit; and in the present state of the pleadings, it was not necessary they should prove their interest.— Code, § 2279; Smith v. Harrison, 33 Ala. 706; Rule of Practice, 31 Ala. p. v.

It is thus shown that, when the plaintiffs read in evidence the certificate declared on, they made out a *prima-facie* case.

[4.] The testimony of the witnesses Fox and others, offered with a view of showing an outside oral agreement that this certificate was intended to be employed in payment of a debt due from Leach & Donoho to their creditor, Weaver, was, by itself, wholly immaterial, and was rightly excluded by the circuit court, for the following (if for no other) reasons: If Leach & Donoho, after receiving the certificate, or independently of any inducement to the issue of the certificate, promised to turn that certificate over to Weaver, their creditor, (the latter being a debtor to the railroad,) this was a mere naked promise, or

nude pact, which they, Leach & Donoho, could disregard without liability to any person.—McKenzie v. Hunt, 32 Ala. 494. If the agreement was made before the issue of the certificate, and entered into the inducement to its issue, then the agreement was inoperative, because its direct effect would have been to vary, by oral proof, the terms of a written agreement.—Thomason v. Dill, 30 Ala. 444. On the most favorable view which can be taken of this question, and of the proof offered, its effect could not possibly be to vest in Mr. Weaver a right to the certificate, and the money due thereon, as so much property *sold and delivered to him*. He, therefore, did not become the real owner of the certificate.—McKenzie v. Hunt, *supra;* Mather v. Purcell's Administrator, in manuscript; Thompson v. Rawles, 33 Ala. 29.

[5.] The rejection as evidence, by the circuit court, of the order given by Leach & Donoho to Weaver, was right under the circumstances. That order, without any proof of its payment or acceptance, was offered as a naked fact. It bears date some time before the date of the certificate; and if it had been accepted or paid before the settlement of May 18th, the presumption is it was then taken into the account, and that the railroad obtained a credit for it. At least one note was then given by the railroad to Leach & Donoho, which, unexplained, shows a settlement of open accounts. If accepted and paid afterwards, the railroad should have proved, or offered to prove that fact, so as to have legalized the evidence on a plea of payment or set-off. The testimony being wholly worthless by itself, the court did not err in excluding it, after the defendant had closed his testimony.—Townsend v. Cowles, 31 Ala. 428.

[6.] The court did not err in excluding as witnesses for defendant two of its stockholders. The Alabama and Mississippi Rivers Railroad Company is a private corporation, not eleemosynary in its character, having for one of its objects, at least, the private emolument of its proprietors.—Pamph. Acts 1849–50, 159; Pamph. Acts 1851–2, 216. Although the stockholders are not technically parties to the suit, yet they are the real parties to

the litigation; as much so as would be beneficiaries in a suit by a trustee, or distributees in a suit by an administrator. The rule on this subject must be general. There may be corporations, in which one stockholder owns half, or even the entire stock; and yet, in suits affecting the corporation, the litigation would be conducted in the name of the artificial person. We cannot believe the legislature intended to confer on one or more persons who chance to have an interest, or *the* interest in a private corporation, the privilege of being witnesses in their own causes, when, without such act of incorporation, they could assert no such right.—See Walker v. Walker, 34 Ala. 469; Polly & Whitman v. McCall, at the present term.

It results from what we have said, that the circuit court did not err in instructing the jury, if they believed the evidence, to find for the plaintiffs. The plaintiffs' testimony being documentary, the court might have gone further.

Judgment affirmed.