## CORNELIUS *vs.* PARTAIN.

[APPEAL CASE FROM JUSTICE'S COURT.]

1. *When objection to deposition must be made.*—An objection to a deposition, on account of the want or insufficiency of the notice of the filing of the interrogatories, must be made before the trial is entered upon, (Code, § 2328,) and comes too late afterwards.

APPEAL from the Circuit Court of Jefferson. Tried before the Hon. WM. S. MUDD.

THIS action was brought by Abner Cornelius, against Mrs. Sarah Partain; and was commenced in a justice's court, on the 9th June, 1862, and was removed by appeal, by the defendant, to the circuit court. The cause of action, as described in the justice's summons, was "a claim of damages sustained by destroying plaintiff's fruit trees, and hauling through his lands, and taking off rails from his land." The record does not show that any complaint was filed in the circuit court. "When the cause was called for trial," as the bill of exceptions states, "the plaintiff asked for a continuance, on account of the absence of two witnesses, and stated to the court what he expected to prove by them. The defendant's counsel declined to make the necessary admission, and the court announced that the cause would be continued. At this announcement, the plaintiff's counsel remarked to the court, that he should

30

ask leave to retake the depositions of certain witnesses, which had been taken for the plaintiff, unless the defendant would waive all objection to them. The defendant's counsel remarked to the court, just at this time, that, as the case was a small one, and the costs were accumulating, he would admit what the absent witnesses would prove, and go to trial. The trial then proceeded. During its progress, the plaintiff's counsel proposed to read the depositions of Joseph Sargeant and Cincinnatti Cornelius, which were the depositions spoken of above. The defendant's counsel objected to the reading of said depositions, because, he said, he was then for the first time [informed] that any such depositions had been taken; that it was true the plaintiff's counsel had, on the 27th *February*, 1864, brought to him the following paper,' setting out the interrogatories propounded to said witnesses, and their depositions, which purported to have been taken on the 5th *March*, 1864; "that he then told plaintiff's counsel that he could not accept said notice, or cross said interrogatories, as his client was unwilling to do so, and that he should insist on a strict compliance with the law; and that plaintiff's attorney then gave him notice that he would take said depositions any way. Plaintiff's attorney then stated, that he went to the clerk's office to file said interrogatories on the 27th February, 1864, but found the clerk absent from town, and the deputy clerk sick, so that said interrogatories could not then be filed; that said interrogatories were not filed until the 4th March; that on the same day a commission was issued to A. J. Waldrop, who was the clerk of the court, to take said depositions; that the depositions were taken by him on the next day, and were deposited by him in his office on Monday, the first day of court. It was shown, also, that no other notice was given of the taking of said depositions than as above stated; that the depositions had been handed to Mr. Morrow, the assistant counsel for the defendant, who was examining them when the trial was entered upon, but had only made a partial examination of them. On this proof, the court refused to permit said depositions to be read, and excluded them from the jury; to which ruling of the court the plaintiff excepted," and he now assigns the same as error.

WM. S. EARNEST, for appellant.

A. J. WALKER, C. J.—The depositions of two witnesses were rejected as evidence when offered on the trial of the cause. The objection was, that the written notice of the filing of the interrogatories, required by section 2320 of the Code, had not been given. Section 2328 of the Code directs, that "all objections to the admissibility of the entire deposition in evidence, must be made before entering on the trial, and not after; unless the matter is not disclosed in the deposition, and appears after the commencement of the trial." The objection went to the entire deposition. It was not within the exception allowed by the statute. It therefore could not be made on the trial.— *McGill v. Monette*, 37 Ala. 49; *Thompson v. Rawles*, 33 Ala. 29; *McArthur v. Carrie*, 32 Ala. 75. If it be admitted that any excuse can be allowed for the failure to make the objection before the trial, the facts disclosed in the record certainly constitute none, which ought to be entertained.

Reversed and remanded.