JEFFRIES AND JEFFRIES (FREEDMEN)*vs.* THE STATE.

[INDICTMENT FOR LARCENY OF MULES.]

1. *Second trial after reversal of former conviction.*—The law is well settled in this State, that where a judgment of conviction in a criminal case is reversed on error or appeal, at the instance of the prisoner, he thereby waives his constitutional immunity against being placed a second time in jeopardy, and may be tried again; and the fact that he has already suffered a portion of the prescribed term of imprison-ment under the former judgment, in consequence of the failure of the court to order a suspension of the sentence pending the proceed-ings in the appellate court, while it may give him a strong claim to executive clemency, is no bar to another trial.

FROM the Circuit Court of Greene.
Tried before the Hon. JAMES COBBS.
24

THE defendants in this case, who were freedmen, were indicted at the October term of said circuit court, 1865, for the larceny of two mules; were tried and convicted at the same term, and sentenced to ten years' imprisonment in the penitentiary. At the January term òf this court, 1866, the judgment of said circuit court was reversed, at the instance of the prisoners, and the cause remanded ; and it was further ordered, "that the defendants be retained in custody by the sheriff, until discharged by due course of law."— See the case reported in 39th Ala. 655–63. At the April term, 1866, of said circuit court, as the record in the present case shows, a judgment was rendered in the cause, which, after reciting the reversal of the former judgment, and the fact that the defendants were then confined in the penitentiary, "ordered that the sheriff of said county furnish the warden of the penitentiary a certified copy of said order remanding the cause for trial, and that said defendants be brought by said sheriff and committed to the jail of said county for a new trial at the next term of this court."

On the trial, at the October term, 1866, as the bill of exceptions shows, the defendants being again arraigned, "pleaded *autrefois convict*, in short by consent," and a special plea, which, after setting out the indictment and the former trial and conviction, averred that, on the former trial, "said presiding judge made no order suspending the execution of said sentence, the bill of exceptions having been signed subsequently to the time when sentence was pronounced ; that soon after the adjournment of said court, to-wit, within five days thereafter, the said defendants, in pursuance of said sentence and judgment, and by authority thereof, and pending their said appeal, were taken by the sheriff of said county, and carried to the penitentiary, and delivered to the officer in charge thereof, and there remained, suffering and undergoing such judgment and punishment as aforesaid, until the 14th of February, 1866; that said supreme court, on the hearing of defendants' said appeal, reversed said sentence and judgment of said circuit court, and remanded said cause for further proceedings, as by the judgment of said supreme court, rendered in said cause on the 14th February, 1866, [appears] ; that after said re-

Jeffries and Jeffries (freedmen) v. The State.

versal, said defendants, under an order from the judge of the seventh judicial circuit of Alabama, were brought back from said penitentiary, to abide such other and further proceedings as might be had against and concerning them in said cause; that said defendants, who are now arraigned and charged under said indictment, are the same defendants, and none other, who were tried, convicted, sentenced, and sent to the penitentiary at said fall term, 1865; that the indictment under which they are now arraigned and charged, is the identical indictment under which they were tried and convicted at said fall term, 1865; that the offense with which they are now charged, is the same offense, and supported by the same evidence, as the offense for which they were tried, convicted, sentenced, and sent to the penitentiary, as aforesaid; and this they are ready to verify."

The court overruled a demurrer to this special plea, and required the prosecuting attorney to join issue on it. "The cause having been submitted to the jury on the facts stated in said special plea, which were proved, the entire record of the proceedings on the former trial, and matters of record subsequent to that trial, together with the opinion and amended opinion of the supreme court, were offered in evidence; and such matters of record as were proper to be inserted in said plea, by consent, were considered as set forth therein fully; and there was no other evidence, except of the facts in said plea. The court charged the jury, that if they believed, from the evidence, that the defendants had obtained a reversal of the judgment, they might be tried again, and the jury must find the issue against them;" to which charge the defendants excepted, and which presents the only point for revision in this court.

E. MORGAN, and GEO. GOLDTHWAITE, Jr., for the prisoners. The circuit court unquestionably had jurisdiction, both of the offense and of the parties. The indictment was good, and the prisoners might have been legally convicted under it, as is shown by the former decision in the case. A judgment of conviction in such case, though erroneous, and liable to be reversed, is voidable only, and valid until reversed.

1 Bishop's Criminal Law, §§ 620, 646, 663, and cases cited; 2 Leading Criminal Cases, 554, and cases cited; *Ex parte Watkins*, 3 Peters, 207. If sentence has been performed under such erroneous judgment, a second conviction for the same offense cannot be sustained.—2 Leading Criminal Cases, 554; 1 Bishop's Criminal Law, § 664; *Commonwealth v. Lord*, 3 Metc. (Mass.) 328. When a reversal cannot place the prisoner in the same position he occupied when the error was committed, he must be discharged.—*Ned v. The State*, 7 Porter, 216.

JNO. W. A. SANFORD, Attorney-General, *contra*.—It is admitted that, for the same offense, no person can be twice put in jeopardy, and that the accused is put in jeopardy when a jury is organized and sworn to try the case.— 1 Bishop's Criminal Law, § 659, and authorities cited. But, when a new trial is granted, or the judgment is reversed, at the instance of the accused, he may be tried again for the same offense.—*The State v. Abram*, 4 Ala. 272; *Cobia v. The State*, 16 Ala. 781; *Phil v. The State*, 1 Stewart, 31; 2 Leading Criminal Cases, 554; *Turner v. The State*, at the last term. The seeming qualification of this rule laid down in *Ned's case*, (7 Porter, 187,) refers merely to the *status* of the accused before the court, and not to the punishment he may have already suffered, or other hardship of the particular case.

A. J. WALKER, C. J.—We regard it as well established law in this State, that a prisoner may waive his constitutional immunity against being a second time placed in jeopardy, and that he does make such waiver, when, by a proceeding instituted by himself, he procures a reversal of his conviction.—*Hughes v. The State*, 35 Ala. 347; *Cobia v. The State*, 16 Ala. 781; *State v. Hughes*, 2 Ala. 102; *State v. Abram*, 4 Ala. 272; *Ned v. The State*, 7 Porter, 187; *State v. Phil*, 1 Stewart, 31. The fact that the prisoner had suffered a portion of the prescribed imprisonment, before the reversal of his case, can not change the principle. The failure of the court to delay the punishment, pending the proceedings in the supreme court, may give the prisoner a

strong claim on the executive clemency, for a reduction of the period of imprisonment; but it does not present any legal bar to another trial, after he has procured a reversal. Affirmed.