# Morrisette v. The State.

*Indictment against Agent for Embezzlement of Property.*

1. *Former jeopardy.*—When a judgment of conviction in a criminal case has been arrested, set aside, or reversed on error or appeal, at the instance of the defendant, it can not be pleaded in bar of another prosecution for the same offense, such action on his part being regarded as an express waiver of his constitutional privilege not to be placed in jeopardy a second time.

2. *Larceny or embezzlement; criminal intent as element of offense.*—Since a criminal intent, or *animus furandi*, is a necessary element of the crime of larceny, a person can not be convicted of larceny (or embezzlement), if he takes the property of another under the honest belief that it is his own; but "an impression that he had a claim or property in it," is not the equivalent of an honest belief, and does not negative a criminal intent.

[Morrisette v. The State.]

3. *Sentence to hard labor for costs; amendment of clerical misprision.—*
A. sentence to hard labor for the non-payment of costs amounting to
$53.95, at forty cents per day, should be for only one hundred and thirty-
four days, the fraction over being excluded; but a judgment in excess of
this number of days, being a clerical misprision, will be corrected with-
out a reversal.

FROM the Circuit Court of Dallas.

Tried before the Hon. JOHN MOORE.

The first count in the indictment in this case, on which alone
a conviction was sought and had, charged that the defendant,
"being at the time the agent of C. J. Gayle, embezzled, or
fraudulently converted to his own use, an ox, of the value of
twenty-six dollars, the personal property of C. J. Gayle, which
was at the time in his possession as said agent." A second
count charged embezzlement by a servant, and the third larceny
of the ox. The defendant filed a special plea of former jeopardy,
setting out the proceedings had against him under an indict-
ment for the alleged larceny of the ox; which indictment was
found in the City Court of Selma, and, having pleaded not
guilty, a verdict of guilty was rendered against him; but a new
trial was granted on his motion, and the case was afterwards
transferred, by consent, to the Circuit Court. These facts were
shown by the transcript of the proceedings in that case, as set
out in the plea; and the record further shows that, on the day
after the filing of this plea, a judgment of *nolle-pros.* was en-
tered in that case. The court sustained a demurrer to this
special plea, and the cause was tried on issue joined on the plea
of not guilty.

On the trial, as the bill of exceptions shows, said C. J.
Gayle testified, as a witness on the part of the State, that the
defendant had been his tenant for several years, on a plantation
in said county on which he had a good many cattle: "that he
put all his said cattle in the possession of the defendant, under
an agreement between them that he, defendant, was to manage,
control, and take care of them for him, and, in consideration
thereof, was to have the right to milk the milch cows, and to
have the milk and butter so obtained for his own use, and was
to have the use of such oxen as could be worked;" also, that
he afterwards missed an ox from his cattle, and, from informa-
tion obtained from other persons, found it in the possession of
another person, and reclaimed it. Another witness for the
State, a merchant, testified that he bought the ox from the de-
fendant, who brought it to his store and offered to sell it
to him; and that he sold it to the person in whose possession it
was afterwards found by said Gayle. The defendant made a
statement to the jury in his own behalf, and said that, by the
terms of the agreement between him and Gayle, he was to

[Morrisette v. The State.]

manage, control, and take care of the cattle, "and, for his services, was to have one half of the cattle so turned over to him by Gayle, and one half of the increase thereof during the time they were under his charge;" that Gayle, as his landlord, was also to advance necessary supplies to him and his family, but failed to do so; that he notified Gayle, if the necessary supplies were not furnished, that he would sell some of the cattle, and afterwards sold the ox for the purpose of getting supplies for himself and family; that the ox was calved after he had taken charge of the cattle under his contract with Gayle, "and that he was the owner of an undivided one-half of the ox so sold by him." Gayle, being afterwards examined in rebuttal, denied these statements as to the terms of the contract between him and the defendant.

The court charged the jury, among other things, "that if they believed the defendant owned an undivided half interest in said ox, or honestly believed that he did own one half of said ox, they must acquit him; or, if there was a reasonable doubt in their minds on either of said points, they must acquit the defendant." The defendant afterwards asked the court, in writing, to charge the jury as follows: "If the jury believe, from the evidence, that the defendant had an impression that he had a claim or property in the ox at the time he sold him, then the jury can not convict." The court refused this charge, and the defendant excepted to its refusal. The defendant asked another charge also, in these words: "When the proof shows that one of two cows in the same herd belonged to the defendant, and he intended to take his own, but it is doubtful which he did take, the jury must acquit; that such a case would be trespass, and not embezzlement." The court refused this charge, and the defendant excepted to its refusal.

The judgment of the court, after sentencing the defendant to hard labor for the county for two years, as a punishment for his offense, adds: "It is further considered by the court, that said Bland Morrisette be confined at additional hard labor for said county, for an additional term of one hundred and forty-five days, at the rate of forty cents per day, to pay $53.95, the costs of this prosecution."

G. A. ROBBINS, for the appellant, cited *Berry v. The State*, 71 Ala. 307; *Randle v. The State*, 49 Ala. 14; 1 Hale's P. C. 502; Roscoe's Crim. Ev. 644, 7th Amer. ed.; *McMullen v. The State*, 53 Ala. 531.

T. N. McCLELLAN, Attorney-General, for the State, cited *Baysinger v. The State*, at the present term; and *Kendall v. The State*, 65 Ala. 492.

SOMERVILLE, J.—Where a defendant has once been con-
victed under an indictment for a criminal offense, and this
judgment of conviction has been set aside on motion for a new
trial, or has been arrested, or reversed on appeal or writ of er-
ror, this is not regarded as a putting of the accused in legal
jeopardy, so as to protect him against a second trial upon the
same charge subsequently preferred against him.    Such action,
being taken at the instance of the accused, is an express waiver
of his constitutional privilege not to be placed in jeopardy a
second time for the same offense.—*Kendall v. The State*, 65
Ala. 492 ; *Jeffries v. The State*, 40 Ala. 381 :   Cooley's Const.
Lim. (5th Ed.), 401-402 ; Wharton's Cr. Pl. & Pr. (8th Ed.),
§ 510.    The plea of former jeopardy showed that a new trial
had been granted, and the first judgment of conviction had
been set aside on motion of the defendant.    It was, for this rea-
son, defective, if not for other reasons needless to be mentioned,
and the demurrer to it was properly sustained.

2.    The crime of larceny can not be perpetrated without
a   criminal intent—an *animus furandi*, or intent to steal.
Where one, therefore, takes the property of another, honestly
believing that he has a legal right to it—or, in other words,
under a *bona fide* claim of right—there can be no larceny,
although the taking may constitute an inexcusable trespass.
*Morningstar v. The State*, 55 Ala. 148; 2 Bish. Cr. Law, (7th
Ed.) § 851 ; Roscoe's Cr. Ev. (7th Ed.) 646* ; *Johnson v. The
State*, 73 Ala. 523.    If the first charge requested by the defend-
ant had asserted this principle, it would have been a proper
exposition of the law.    It is not sufficient, however, for the
taker to have a mere "impression" that he has a claim of
right to property, in order to exempt him from the charge of
larceny in the taking of it.    This might amount to a vague no-
tion, unaccompanied with honesty of conviction.    The charge
was erroneous in asserting this proposition, and its refusal was
free from error.

There was no evidence tending to support the second charge
requested by the defendant, and it was properly refused be-
cause abstract.

3.    We discover, however, a clerical error in that part of the
judgment which fixes the additional term of imprisonment to
pay costs.    It is apparent, from mathematical calculation, that
this period should be one hundred and thirty-four days instead
of one hundred and forty-five, as stated in the judgment.    We
omit from this a fraction of seven-eighths of a day additional, in
view of the rule that the law takes no cognizance of mere frac-
tional parts of a day, in cases of this character.    This much is
due to that strict construction of penal laws which is universal-
ly held to prevail, always working favorably to the liberty of

[Henry v. The State.]

the citizen. This error will be corrected in this court, at the cost of the appellant; and, as thus corrected, the judgment will be affirmed.

There is nothing in the exception taken to the only ruling of the court made on the admission of evidence, and we do not understand it to be insisted on by counsel.

Judgment affirmed.