# CASES

IN THE

# SUPREME COURT OF ALABAMA,

## NOVEMBER TERM, 1898.

## Lewis, Alias, Etc. *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Jury; organized identity of, when not impeached.*—When on the trial of a defendant on a criminal charge the court directed one of the jurors to leave the jury box after the trial was entered on, and he thereupon stood aside in the court room under the eye and in the presence of the court, and on objection being immediately made by the defendant, he was directed by the court to resume his place among the jurors, and as a member of the jury, he was not discharged from the jury, nor was its organized identity impeached.

2. *Same; defendant cannot complain if discharged at his instance.*—When the jury is discharged and a *venire de novo* ordered at the instance of the defendant in a criminal cause, he cannot complain of the action of the court in this regard.

3. *Charge; affirmative not proper when.*—The defendant in a criminal case is not entitled to the affirmative charge when a tendency of the evidence goes to prove the averments of the indictment.

4. *When objection to question too late.*—If the question, "did the defendant ever assault you," is asked of the prosecutor in a criminal trial and is answered without being objected to, an objection then made comes too late; especially if it appears that the defendant was palpably not prejudiced by the question.

5. *Reasonable doubt; charge on properly refused.*—The defendant in a criminal trial asked the court to give the following charge: "The defendant is charged with the offense of assault with intent to murder and unless each and every one of the jury is satisfied of his guilt to a moral certainty and beyond all reasonable doubt, then you cannot convict this defendant, and if you do convict the defendant without each and every

one of you being so satisfied, then you violate your oaths and disregard the instructions of the court." *Held*, this charge was properly refused, because calculated to impress the mind of a juror that he must reach a conclusion without deliberation with his fellows, and because of its tendency to mislead the jury that they must find for the higher offense charged or acquit, and because it tends to make every juror the keeper of the conscience of every other juror.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

Lorenzo Lewis was indicted for assault with intent to murder ,and was convicted of assault and battery. The defendant pleaded former jeopardy in two special pleas; the facts stated in the first of which are sufficiently set out in the opinion. The second of these pleas merely stated that after issue had been joined on the indictment in the pending case in a former trial, and after a witness had been examined, the court, without request of the defendant, excused one of the jurymen and caused him to stand aside because he stated that he was a member of the jury on the former trial, and instructed the sheriff to bring another juryman. To this plea the solicitor replied, setting out the additional facts of the recall of the excused juryman to the jury box before he had left the presence of the court, and on objection to his discharge being made by the defendant; and also setting out the further facts that the second juryman was excused and the whole jury discharged and a *venire de novo* ordered at the instance of the defendant. The demurrer interposed by the defendant to the replication to the second plea was overruled. The court gave to the State the affirmative charge on the issue of jeopardy *vel non*.

HILL & HILL, for appellant.

CHARLES G. BROWN, Attorney-General, for the State, cited *Am. Eng. Ency. of Law*, Vol. 2, Sec. 21; *Kendall v. State*, 65 Ala. 492; *Morrisette v. State*, 77 Ala. 71; *Cross v. State*, 23 So. Rep. 734; *Cunningham v. State*, 117 Ala. 59; *Pickens v. State*, 115 Ala. 42.

[Lewis, Alias, Etc. v. The State.]

McCLELLAN, C. J.—Construing the first plea of former jeopardy most strongly against the defendant, it shows only that the juryman, Chambless, was directed by the court to leave the jury box, that he thereupon stood aside in the court room under the eye and in the presence of the court, that immediately thereupon the defendant objected to his being taken off the jury and the court thereupon immediately directed and caused him to resume his place among the jurors and as a member of the jury. Clearly upon this state of facts this juror was never discharged from the jury and the jury as a body was not discharged, or its organized identity impeached. And when, upon another juror making known to the court that he, too, as well as Chambless, had been a juror on a former trial of this case, the jury was discharged and a venire de novo ordered, the action was taken at the instance of the defendant, and it will not avail him now. Kendall v. State, 65 Ala. 492; Morrisette v. State, 77 Ala. 71. The rulings of the court in sustaining a demurrer to the first plea, in overruling the demurrer to the replication to the second plea, and in giving the affirmative charge for the State on the issue of jeopardy vel non as presented by the second plea and the replication thereto—the facts being admitted—were therefore free from error.

A tendency of the evidence went strongly to prove the averments of the indictment, at least to the extent of showing an assault and battery. The time and venue were proved. Of course, therefore, defendant was not entitled to the affirmative charge.

The defendant requested the court to give the following charge: "The defendant is charged with the offense of an assault with intent to murder, and unless each and every one of the jury is satisfied of his guilt to a moral certainty and beyond all reasonable doubt, then you cannot convict this defendant, and if you do convict this defendant without each and every one of you being so satisfied then you violate your oaths and diregard the instructions of the court." This charge was properly refused. One vice infecting it is pointed out in the case of Cunningham v. State, 117 Ala. 59, 66-7: "It is calculated to impress the mind of a juror with the idea that

his verdict must be reached and adhered to without the aid of that consideration and deliberation with his fellow jurors, which the law intends shall take place in the jury room." Another infirmity is the tendency of the charge to mislead the jury to the conclusion that they should either find the defendant guilty of an assault with intent to murder, or acquit him, when it was open to them to find him guilty of an assault and battery. And, again, it tends to make every juror the keeper of every other juror's conscience, and to forbid each juror to favor a verdict of guilt because forsooth another juror may have a reasonable doubt.

Defendant was palpably not prejudiced by the question to the person alleged to have been assaulted: "Did the defendant ever assault you?" Moreover, his objection to the question was not seasonable; it should have been made before the question was answered.

Affirmed.