# Reynolds *v.* The State.

### *Murder.*

(Decided June 30, 1911. 55 South. 1016.)

1. *Appeal and Error; Record; Presumption.*—Where the record does not contain the evidence on which the court acted in quashing a grand jury venire drawn by the jury commissioners, it will be presumed on appeal that the evidence justified the ruling.

2. *Grand Jury; Quashing; Summoning; Special Jury; Statutes.*— Where the court quashes a grand jury venire drawn by the jury commissioners, its authority to order a special grand jury is found in section 7258, Code 1907, and not section 7257, Code 1907.

3. *Indictment and Information; Quashing; Defects in Drawing Grand Jury.*—Where the grand jury is drawn by the court under section 7258, upon quashing the grand jury venire drawn by the jury commission, the indictment returned by such special grand jury is not subject to motion to quash because not drawn in the presence of officers designated by law, since it is saved by the provisions of section 7572, Code 1907.

4. *Same; Abatement; Defects in Grand Jury.*—A plea in abatement is not the proper way to raise the questions going to the legal existence of the indictment based on the failure to properly draw the grand jury returning the indictment.

5. *Criminal Law; Former Jeopardy; Reversal; Effect.*—Where a defendant is convicted of murder in the second degree and procures a reversal of his conviction on the ground of the invalidity of the jury law, under which the jury trying his case had been selected, he estops himself from pleading former jeopardy on account of anything growing out of that trial.

6. *Same; Unauthorized Discharge of Jury; .Plea; Sufficiency.*— Where the unauthorized discharge of a jury on a former trial is

[Reynolds v. The State.]

relied on in a plea of former jeopardy, the plea should set out the order of discharge or aver that no order was entered upon the minutes, and failing to do so is demurrable.

7. *Same; Issues; Trial.*—Where the defendant pleads former jeopardy and the state replies and demurrer to such replicant is overruled, the court should submit to the jury the issues made by the replication and plea before entering upon the trial on its merits.

8. *Jury; Venire; Order Fixing; Statutes.*—Under the provisions of Acts 1909, p. 319, section 32, where the court fixed the number to constitute the venire at eighty, and ordered thirty names to be drawn to complete the special venire, and only forty-two of the fifty persons drawn to constitute the regular venire were summoned, the special venire was thereby made to consist of a less number of names than that fixed by the court, and the venire was not a legal one.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

W. P. Reynolds was convicted of murder in the second degree and he appeals. Reversed and remanded.

ALLEN & BELL, and J. McK. LONG, for appellant. The discharge of the jury in the second trial, without consent of the defendant was unauthorized, and was good as a plea of former jeopardy.—*Ned v. The State,* 7 Port. 187; *Cobia v. The State,* 16 Ala. 781; *McAuley v. The State,* 26 Ala. 139; *Vincent v. The State,* 43 Ala. 402; *Bell v. The State,* 44 Ala. 393; *Grogan v. The State,* 44 Ala. 1; *Foster v. The State,* 88 Ala. 182; *Johns v. The State,* 97 Ala. 77. (Counsel cite a number of cases from other jurisdictions in support of this proposition.) The court should have submitted the determination of the question presented by the plea of former jeopardy, and the state's replication thereto to the determination of the jury before entering upon the trial of the case upon its merits.—*Barbour v. The State,* 151 Ala. 64, and authorities there cited. Counsel discuss other assignments of error but without citation of authority.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

Where the record does not disclose the evidence on which the court acted in quashing a former venire the presumption will be indulged that the ruling of the court is correct.—*Green v. The State,* 72 Ala. 2; *Jackson v. The State,* 97 Ala. 65; *Ryan v. The State,* 100 Ala. 105. Any irregularity in the drawing of the grand jury after quashing the original venire was rendered harmless.—Sec. 7572, Code 1907. Where a verdict is set aside and a new trial granted there is no jeopardy.— *Cobia v. The State,* 16 Ala. 784; *Jeffries v. The State,* 40 Ala. 381; *Kendall v. The State,* 65 Ala. 492; *Morrissette v. The State,* 77 Ala. 71; *State v. McFarland,* 121 Ala. 48. The discharge of the jury because of failure to agree and the entering of a mistrial is not placing in jeopardy since the enactment of section 7314, Code 1907.—*Barrett v. The State,* 35 Ala. 413; *Battle v. The State,* 7 Ala. 259. Counsel discuss the other errors assigned, but without citation of authority.

PELHAM, J.—The present appeal is from a judgment of conviction of murder in the second degree rendered on the trial of the defendant had on an indictment charging murder. The first trial resulted in a conviction of murder in the second degree, which was set aside, on motion of the defendant, on the ground of being tried before an illegal jury; the special jury law for the trial of capital cases in Jefferson county (Acts 1907, p. 238), under the provisions of which the jury to try defendant was selected on his first trial, being unconstitutional, and so declared in *Crain v. State,* 166 Ala. 1, 52 South. 31, and *Graves v. State,* 52 South. 34.

The second trial resulted in a mistrial and discharge of the jury by the court. This action of the court on the second trial, being without the consent of the defendant, he pleads on this (the third) trial former jeopardy, al-

[Reynolds v. The State.] ·

leging that the discharge of the jury was without authority of law.

The indictment upon which the defendant was tried was returned at the April term, 1909, of the criminal court of Jefferson county, by a grand jury summoned by direction of the court, after the regular grand jury venire for that term had been quashed on motion of the solicitor. The motion of the solicitor to quash the venire drawn by the jury commissioners to constitute the grand jury for the April term, 1909, having been granted, the court proceeded to draw and have summoned a special venire to serve as grand jurors for the term, which grand jury was duly organized and was the grand jury that returned the indictment against the defendant, upon which he was tried. The grand jury returning the indictment was drawn, summoned, and organized on April 24, 1909, before the enactment of the present jury law.—Acts 1909, p. 305, approved August 31, 1909. The defendant moved the court to quash the indictment, because not found by a legal grand jury, contending that the court was without authority of law in quashing the first venire drawn by the commissioners, and in organizing another grand jury, and that the grand jury summoned by direction of the court was not drawn in the presence of the officers designated by law. Section 7572 of the Code of 1907 specifically provides that the objection to the grand jury not having been drawn in the presence of the officers designated by law cannot be taken to the formation of a special grand jury summoned by direction of the court.

The grand jury drawn by the commissioners having been quashed by the court on motion of the solicitor, on satisfactory proof had before the court by sworn witnesses, in support of the motion to the effect that such grand jurors were not drawn and selected according to

law, and the original evidence upon which the court reached the conclusion not being set out in the record, this court will indulge the presumption that it was sufficient to authorize the conclusion reached. Nor do we feel justified, on the evidence found in the record, in saying the trial court was not authorized to grant the state's motion to quash the venire.

The authority of the court to organize the special grand jury, after quashing the venire drawn by the commissioners and returned into court, was not derived from section 7257 of the Code, but from section 7258; and the objection of not having been drawn in the presence of the officers designated by law not being available (Code 1907, § 7572), there was no error committed in the court's ruling on the defendant's motion to quash the indictment.

Section 7258 of the Code of 1907 was first embraced in the codified laws of the state in the Code of 1896, after the decision in the case of *O'Byrnes v. State*, 51 Ala. 25, and similar cases, construing the rights of the court to organize a grand jury under the provisions of section 7257, which has been, with certain changes, on the statute books since 1811.—Laws of Alabama, Toulmin's Dig. p. 496. *Frye's Case*, 146 Ala. 7, 41 South. 172, cited by appellant, passes only upon the authority of the court to organize a grand jury at an adjourned term, construing the rights and authority of the court under an entirely different statute; section 5001 of the Code of 1896 being section 7260 of the present Code, as amended. In the cases cited by appellant, the primary court had undertaken to organize grand juries without any statutory warrant; while in this case the venire had been quashed by the court on motion regularly made, and not ex mero motu, whereupon it became the duty of the court, in obedience to the statute, to draw and or-

der summoned a special grand jury for that term.—Code 1907, § 7258.

From what has been said with respect to the court's ruling on the motion to quash, it will be seen that there was no error committed by the court in sustaining demurrers to defendant's second and third pleas in abatement, setting up substantially the same grounds as in the motion to quash, and in giving the general charge for the state on the third plea. Moreover, under the rule announced in *Sparrenberger's Case,* 53 Ala. 481, 25 Am. Rep. 643, and *Nordan's Case,* 143 Ala. 13, 39 South. 406, the question going to the legal existence of the indictment, it could not properly be raised by plea in abatement, but having been presented both ways, by motion to quash and plea in abatement, the mode of presentation in this case is not material.

The defendant's contention that, the jury in the first trial having found defendant guilty of murder in the second degree, he was thereby acquitted of murder in the first degree is untenable, in that the record shows that such verdict was set aside on the motion of the defendant as void, because of the unconstitutionality of the jury law, under the provisions of which the jury to try the case was drawn and selected on that trial. The verdict and judgment having been set aside at the instance of the defendant, he estopped himself from pleading former jeopardy for anything growing out of that trial.—*Kendall v. State,* 65 Ala. 492; *Cobia v. State,* 16 Ala. 784; *Jeffries v. State,* 40 Ala. 381; *Morrisette v. State,* 77 Ala. 71; *State v. McFarland,* 121 Ala. 48, 25 South. 625.

Defendant's motion to quash the venire should have been granted. The court, in setting the case for trial and fixing the number of persons who should constitute the venire to try the defendant, made an order fixing

the number at 80, "including those drawn and summoned on the regular juries for the week beginning Monday, February 28, 1910," and drew 30 names to complete the 80 fixed by the order of the court. The regular panel of 50 jurors had not been drawn at the time the order was made for the special venire, and when a return was made 8 of the regular panel were not summoned at all, but were returned "not found." The requirement of the statute (Special Acts 1909, p. 319, § 32) is that the venire fixed shall be inclusive of those "drawn *and summoned* on the regular juries for the week set for the trial," and only 42 of the 50 regular jurors having been summoned the venire to try the defendant did not contain the legal number of names as fixed by order of the court. In place of 80 as fixed, there were but 72 names. The defendant was not given a legal venire under the present jury law, and on the authority of *Jackson v. State,* 171 Ala., 55 South 118, the error necessitates a reversal of the case.

The defendant's pleas of former jeopardy, setting up an alleged unauthorized discharge of the jury by the court in a former trial of the case, are substantially the same as the pleas in the case of *Andrews v. State,* Sup. Ct. MS., which are held insufficient in that case. "The jeopardy relied upon was the unauthorized discharge of the jury; therefore the pleas should have set up the order of discharge, or else averred that no order was entered upon the minutes and failing to contain this material and important averment they were subject to the state's demurrer."—*Andrews v. State, supra.* The pleas in the case before us are defective in the same particular, in failing to make the material averments pointed out, and are subject to the state's demurrers.

The state having filed replications to defendant's plea D, the court having overruled defendant's demurrer to

[Lantern v. The State.]

the replications, under the correct rules of procedure, it was proper that the court should have submitted and had determined by the jury the issues made by the state's replication to defendant's plea D, before entering upon the trial on the merits, under the plea of not guilty.—*Barber v. State,* 151 Ala. 64, 43 South. 808; *Thayer v. State,* 138 Ala. 39, 35 South. 406; *Faulk v. State,* 52 Ala. 415; *Dominick v. State,* 40 Ala. 680, 91 Am. Dec. 496; *Spraggins v. State,* 139 Ala. 93, 35 South. 1000; *Moody v. State,* 60 Ala. 78. But the defendant having estopped himself from pleading former jeopardy under the averments of this plea, and as the case must be reversed for the errors pointed out, we call attention to the condition of the pleadings shown by the record in this respect that it may be corrected on another trial.

There are many other exceptions shown by the record to rulings of the court in excusing certain jurors upon examination as to qualifications, etc., and to rulings on the evidence, that are not discussed by defendant in his brief on file, and that are unnecessary to discuss in the opinion, as the case must be reversed for the error pointed out, and they are not likely to arise upon another trial.

Reversed and remanded.