# O'Byrnes v. The State.

*Indictment for Resisting Officer in Execution of Process.*

1. *Construction of statutes ; legislative adoption of judicial construction.* — In the subsequent enactment of a statute, substantially the same as one which has already received a judicial construction, the legislature will be presumed to have known that construction, and to have intended to adopt it.

2. *Organization of grand jury by court, after quashing regular venire.* — The presiding judge of the circuit or city court, having quashed, *ex mero motu*, the *venire* drawn and summoned as grand jurors for the term by the officers charged with that duty (Rev. Code, §§ 4062–72), has no power to originate and organize another grand jury in their stead; and an indictment found by such grand jury is unauthorized and void.

3. *Objection to indictment on account of defects in grand jury.* — When the record shows that the indictment was found by a grand jury who were summoned and organized by the court without authority, the objection is available on motion in arrest of judgment, or on error.

FROM the City Court of Eufaula.

Tried before the Hon. E. M. KEILS.

The prisoner in this case was indicted for resisting a constable in the execution of legal process. The indictment was found at the regular December term of the court, 1873. In describing the organization of the grand jury at that term, the record contains the following recitals : " The sheriff brought into court the *venire* of the grand jury heretofore issued by the clerk, commanding him to summon the persons therein named to serve as grand jurors for the present term of the court. His honor the presiding judge called on the sheriff for the said *venire*, and, after examining the same, declared it quashed, for the reason, as he alleged, that on said *venire* were the names

of two or three persons whose names had appeared to a published paper, saying that they would receive bills of the *Eagle & Phœnix Manufacturing Company of Georgia*, in payment of claims, or for goods purchased. Said *venire* being thus quashed, the sheriff was ordered by the court to summon forthwith eighteen persons to serve as grand jurors for the present term of the court." The record then sets out the names of the persons summoned under this order, and recites that they were duly organized and sworn as grand jurors; and the indictment against the defendant was found and returned into court by the grand jury thus organized. On the trial, as the bill of exceptions states, after a demurrer to the indictment had been overruled, and the defendant had pleaded not guilty, "the defendant objected to being put upon his trial on the indictment, on the ground that it was not found and returned into court by a grand jury — that it was not found by a regular grand jury, nor by a special grand jury; and that the grand jurors by whom it was found and returned into court were not drawn in the presence of the officers designated by law for the drawing of grand jurors, and offered to make proof of the same. The court refused to hear the evidence, and overruled said objections; to which the defendant excepted." This ruling of the court, with others, is now assigned as error.

OATES & McKLEROY, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — Under our statutes, it was made the duty of the sheriff of each county to obtain biennially a list of the householders and freeholders residing in his county, from which list must be selected the names of such persons as may be thought competent to discharge the duties of grand and petit jurors for the county. R. C. § 4062. The sheriff, judge of probate, and clerk of the circuit court, or any two of them, must meet, biennially, on the first Monday in May, or within thirty days thereafter, at the office of the clerk of the circuit or city court, and select from said list the names of such persons as, in their opinion, are competent to discharge the duties of grand and petit jurors with honesty, impartiality, and intelligence, and are esteemed in the community for their integrity, fair character, and sound judgment; but no person must be selected who is under twenty-one years of age, or over sixty years of age, or who is a habitual drunkard, or who is afflicted with a permanent disease. R. C. § 4063. These sections of the Code have been amended, so as to require the jurors to be drawn annually, from the lists of registered voters on file in

[O'Byrnes v. State.]

the office of the judge of probate. Acts of 1868, p. 551. The lists of the persons selected as jurors are required to be filed in the office of the judge of probate. R. C. § 4065. He is required, on receiving the list, to write each name on a separate piece of paper, which must be folded, or rolled, so that the name will not be visible, and deposit the same in a box secured by locks, which must be kept by him. R. C. § 4066. At least twenty days before each regular term of the city or circuit court, the judge of probate, sheriff, and clerk of the circuit or city court, or a majority of them, are required to draw from the box the names of eighteen persons to serve as grand jurors. R. C. § 4067. The manner of drawing is specified, and a minute of it is required to be kept, which must be signed by the officers present, and filed in the office of the judge of probate. R. C. § 4069. The list of the persons drawn to serve as grand jurors is made out by the judge of probate, signed by him, and delivered to the clerk of the circuit or city court, as the jury may be intended for the one or the other court. R. C. § 4071. On the receipt of the list, the clerk must issue an order in writing to the sheriff, to summon the persons drawn as grand jurors to serve in that capacity. R. C. § 4072.

The tenth chapter of the Penal Code of 1841 (Clay's Dig. 450) is not materially variant from the present statute. That chapter was the subject of consideration in the case of *Brooks* v. *The State* (9 Ala. 9) ; and it was declared that the purpose was to provide a select class of individuals to serve as grand and petit jurors, instead of permitting them to be constituted, as well as summoned, at the discretion of the sheriff, or other executive officer of the law, from the citizens of the county generally, and at large. It was further said, the selection of this class of individuals is confided to a board of commissioners (then the sheriff, judge of the county court, and clerk of the circuit and county courts, who were charged with the duties now devolved on the judge of probate, sheriff, and clerk of the circuit or city court), and that is invested with large discretionary powers in the selection and rejection of individuals who are to discharge the responsibilities of jurors ; and that they were entirely independent of supervision or control. This judicial construction, it is presumed, was known to the legislature, when they adopted the Code containing the same statute substantially ; and it is further presumed they intended to adopt this construction. 1 Brick. Digest, 349, § 2.

[2.] The court has no power to originate a grand jury, unless the officers charged with the duty of selecting, drawing, and summoning such jury have neglected to perform their duties, and no grand jury is returned to serve at the term of the court. R. C. § 4088. Or if, after the discharge of the grand jury,

during the session of the court, an indictable offence is committed, when, in its discretion, it may cause the summoning of a grand jury, to inquire of such offence. R. C. § 4084. Or, when a special term of the court is held, and, in the opinion of the presiding judge, the public good requires the organization of a grand jury. R. C. § 4085. The record in this case discloses that the sheriff returned, or brought into court, the *venire* issued by the clerk, commanding him to summon the persons therein named to serve as grand jurors during the term of the court, at which the indictment against the appellant was found. The presiding judge called for the *venire*, and, after examination, quashed it, "for the reason, as he alleged, that there were on said *venire* the names of two or three persons, whose names had appeared to a published paper, saying that they would receive bills of the *Eagle & Phœnix Manufacturing Company of Georgia*, in payment of claims, or for goods purchased. Said *venire* being thus quashed, the sheriff was ordered by the court to summon forthwith eighteen persons to serve as grand jurors for the present term of this court." Under this order a grand jury was summoned by the sheriff, and empanelled, and the indictment against appellant returned a "true bill."

We cannot doubt that a grand jury, constituted in any other manner than prescribed by the statute, is, in the language of this court, in *State* v. *Brooks, supra,* "without legal warrant." a grand jury is not a mere assemblage of fifteen or eighteen persons in the jury box, congregated by an order of the court, or by their own volition, or at the summons or on the behest of an unauthorized person. It is a constituent element of a circuit or city court, having criminal jurisdiction, sitting at a regular term, drawn, selected, and summoned in a mode clearly prescribed, under the superintendence, and in the exercise of the sound judgment, of sworn officers of the law. *McMillen* v. *State*, 8 Sm. & Marsh. 587. The statute, it is true, declares that its provisions in relation to the selection, drawing, and summoning of jurors are merely directory; and that juries selected, drawn, and summoned at an earlier or later day must be deemed legal. R. C. § 4086. When this statute is read, as it must be, in connection with the succeeding section of the Code, prohibiting any objection to the formation of the grand jury except that it was not drawn in the presence of the officers designated by law (R. C. § 4087), it is obvious that it is indispensable to the constitution of a grand jury (unless the particular case in which the court is empowered to form or originate a jury exists), that it shall be drawn by the officers having exclusive authority to draw it. When they have exercised the power, the power itself is exhausted. Their action

is final, and not subject to the supervision or control of the court. The power of the court to form or originate a jury cannot arise, when they have drawn the jury, and it has been summoned.

It is inconsistent with the statutes conferring on the court power in special cases to form a grand jury, to suppose that there is any such general power in the court, or that it exists in any other than the particular case. If there was a general power, the statutes would have no office to perform. There not being such general power, the expression of the power in particular cases excludes its existence in any other. The special power extends only to a case in which the officers designated by law to select, draw, or summon a grand jury, have neglected to perform their duties, or to cases in which they have not the power. These officers are not authorized to draw and summon a grand jury for a special term of the circuit or city court. Therefore, when the public good may require it, the court can originate a grand jury for a special term. Or, if the grand jury drawn and summoned according to law have finished their labors and been discharged, the term of the court not having expired, and a criminal offence is committed, which, in the judgment of the court, requires immediate investigation, then, the officers designated to draw and summon not having acted, and the power which they possess, so far as it refers to that term of the court, having been exhausted, the court may form a grand jury.

The object of the statutes cannot be mistaken. If the power ever existed in any court, which the court in this case exerted, it was intended to withdraw it. Such a power is so irresponsible, — so capable of being used to impair the sanctity and purity of the grand jury, — that the legislature have, in effect, denied its existence. If the court could legally set aside the *venire* drawn and summoned by the officers having authority to draw and summon it, the power is unlimited. The jurors summoned under its order could be set aside in the exercise of the same power, and so from time to time, until a jury was organized to meet the caprice or prejudice of the judge. The practical results of the operation of the action of the court are opposed to the spirit of all our laws. *Portis* v. *State*, 23 Miss. 578.

[3.] The matter affirmatively appears on the record, and is the subject of a motion in arrest of judgment. *Miller* v. *State*, 33 Miss. 356. Consequently, it is an error we are bound to notice, whether presented to the court below or not. *Harrington* v. *State*, 36 Ala. 236.

The judgment of conviction must be reversed, and a judgment be here rendered quashing the indictment, and discharging the prisoner.