# Murphy *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Drawing grand jurors.*—By statutory provision, the jury commissioners are required to first draw the requisite number of names for grand jurors, and then the requisite number for petit jurors (Code, § 4299, note); yet, if they draw the entire number for both grand and petit jurors, and then select from them the requisite number to act as grand jurors, the irregularity is not good ground of challenge to the array, or motion to quash the *venire.*

FROM the Circuit Court of Elmore.

Tried before the Hon. JAMES R. DOWDELL.

WATTS & SON, and W. P. GADDIS, for appellant.—The statute approved February 28th, 1887, "to more effectually secure competent and well qualified jurors," is founded on considerations of public policy, and its provisions are imperative. No discretion is vested in the jury commissioners. Their duties are clearly defined, and are easily understood. To allow them to select the grand jurors from the whole number of names drawn, one hundred or more, as was done in this case, would give them a dangerous power, and one liable to great abuses. The irregularity would not be available by plea in abatement to an indictment (Code, § 4445), and the only remedy is by challenge to the array, or motion to quash the *venire* of grand jurors.

THOS. N. MCCLELLAN, Attorney-General, *contra*, cited *Dotson v. State*, 62 Ala. 142; *Bales v. State*, 63 Ala. 34; *Cross v. State*, 63 Ala. 40.

STONE, C. J.—The jury law approved February 28, 1887, was in force in Elmore county, at the time the grand jury was drawn and organized, which preferred the indictment in this case.—Sess. Acts 1886-7, p. 151; Code of 1886, § 4299, note. The sole question raised on this appeal is, that the grand jury was not drawn according to the provisions of the statute. The alleged error is as follows: The statute (§ 4) provides, that the jury commissioners shall first draw the requisite number of names, who shall con-

stitute the grand jury, and "next the names of the requisite number of persons to serve as petit jurors." This statutory regulation was not conformed to in the present case. On the contrary, the jury commissioners first drew a sufficient number of names for both grand and petit jury service, and then selected from the names so drawn the requisite number to serve as grand jurors. From the names so selected the grand jury was organized. These are the admitted facts.

The defendant had been arrested, and was in custody, under the charge for which he was indicted, tried and convicted. When the *venire* was called, and before any steps were taken in the organization, the defendant challenged the array, for the irregularity above pointed out. He proved the facts as averred, and they were not controverted. The court overruled the motion to quash the *venire*, organized the grand jury from the names so selected, and the defendant excepted.

We have several times held, that the later statutes regulating the drawing and impanelling of juries have not repealed section 4445, Code of 1886—section 4889, Code of 1876. That section declares, that "no objection can be taken to an indictment, by plea in abatement or otherwise, . . . . on any ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law."—*Abernathy v. State*, 78 Ala. 411; *Harrington v. State*, 83 Ala. 9. And our uniform ruling has been to disallow all defenses save one, which rest on irregularity in the drawing or impanelling of the grand jury, except the statutory ground that they "were not drawn in the presence of the officers designated by law." *Dotson v. State*, 62 Ala. 141; *Bales v. State*, 63 Ala. 30; *Cross v. State, Ib.* 40; *Green v. State*, 73 Ala. 26; *Nixon v. State*, 68 Ala. 535. The additional exception referred to above is, where there is some order of the court, or some action of the presiding judge, appearing of record and relating to the organization of the grand jury, which is without warrant in the statute, or is contrary to its provisions.—*Cross v. State*, 63 Ala. 40; *Billingslea v. State*, 68 Ala. 486; *Posey v. State*, 73 Ala. 480. Under our several rulings, we hold that the Circuit Court did not err in overruling the motion to quash the *venire*.

While we feel constrained to affirm the judgment of conviction in this case, we must be permitted to express our re-

[Lowe v. The State.]

gret that jury commissioners ever depart from the plain letter of the law, in the matter of drawing juries. They should first draw the requisite number of grand jurors; and having done so, they have no authority whatever for changing the names, no matter how honest or patriotic their motives may be. The law has given them no such power or discretion. We have no grounds for imputing improper motives in the drawing under consideration, but suppose the commissioners intended to subserve the public good. That is not a sufficient reason. The legislature refused to confer this power, and we must presume they withheld it for good and sufficient reasons. It is a dangerous power, and might, in the hands of corrupt or scheming men, become an instrument of very great abuse. The inquiry presents itself, whether some step should not be taken to prevent a continuance of the abuse.

Affirmed.

