# CASES

## IN THE

# SUPREME COURT OF ALABAMA.

### NOVEMBER TERM, 1891.

## Wells *v.* The State.

### *Indictment for Murder.*

1. *Drawing jurors, grand and petit; special venire in capital case.* Under statutory provisions regulating the drawing of jurors, grand and petit, the commissioners are required to first draw the regular number of names for grand jurors, and then the requisite number for petit jurors (Code, § 4299, note); and if they draw the entire number for both grand and petit jurors, then select the requisite number for grand jurors, and leave the others to act as petit jurors, a defendant in a capital case may quash a special *venire* partly composed of such jurors; and the commissioners having no power to meet on a subsequent day and correct their irregular action, he may quash a special *venire* partly composed of jurors drawn by them on such subsequent day.

| | |
|---|---|
| 94 | 1 |
| 98 | 21 |
| 94 | 1 |
| 100 | 13 |
| 102 | 23 |
| 94 | 1 |
| 111 | 34 |
| 112 | 60 |
| 113 | 79 |
| 94 | 1 |
| 117 | 214 |

FROM the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

The defendant in this case, Major Wells, was indicted for the murder of John Larkin, by shooting him with a gun or pistol; was convicted of murder in the second degree, and sentenced to the penitentiary for the term of 22 years. The indictment was found at the Spring term, 1889, and the defendant was then arraigned and pleaded not guilty; but the case was continued. At the Spring term, 1891, the cause having been regularly continued from term to term, the defendant submitted a motion to quash the special *venire* which had been ordered and summoned for his trial, on the ground that the regular jurors for the week, who formed part of the *venire*, had not been drawn by the jury commissioners as required by law; and he showed to the court, in support of this motion, that the said commissioners, "instead of first drawing the names for grand jurors, drew the requisite number for grand and petit jurors, and then selected from all the names so drawn eighteen persons as grand jurors." The bill of ex-

1

ceptions then adds: "The cause not being otherwise ready for trial, the court did not decide the motion, but stated that the jury commissioners had not complied with the statute in the selection of jurors. After this intimation by the court, the jury commissioners again met, in June, 1891, and selected jurors for the next ensuing term of the court in the manner provided by the statute." At that term, which was held in October, 1891, a special *venire* was again ordered for the trial of the defendant, which consisted partly of the regular jurors for the second week. The defendant again moved to quash the *venire*, and based his motion on the facts above stated. The court overruled the motion, and the defendant excepted.

PHARES COLEMAN, and CHAS. E. WALLER, for appellant, cited *Murphy v. State*, 86 Ala. 45.

WM. L. MARTIN, Attorney-General, for the State, cited *Dodson v. State*, 62 Ala. 141; *Bales v. State*, 63 Ala. 30; Code, § 4314.

STONE, C. J.—The trial in this case was held at the Fall term of the court in 1891. The *venire* of jurors summoned for the week set for the trial was served on the defendant, as part of the *venire* from which the jury was to be and was selected. In this order and service the statute was strictly conformed to.—Code of 1886, vol. 2, p. 134, §§ 10 and 11, in note. Before entering upon the trial, the defendant moved to quash that part of the *venire* which consisted of the jurors drawn and summoned for the week, on the following grounds, which were shown by the testimony to be the facts of the case: The board of jury commissioners of the county had held their meeting at the proper place, and at the proper time, viz., "on the next day after adjournment of the last regular term of the court of County Commissioners," in the year 1890. At that session the commissioners had drawn grand and petit jurors, to serve for the several courts to be held in 1891. At such drawing the commissioners did not pursue statutory directions. They did not first draw the requisite number of names to serve as grand jurors, and then, in like manner, proceed to draw the requisite number of persons to serve as petit jurors.—Jury Statute, § 4, page 132, Code, vol. 2. They drew a sufficient number of names to serve in both capacities of grand and petit jurors, and then from this whole number selected a list to serve on the grand jury, leaving the residue to perform the petit jury service. And the persons thus drawn and selected constituted the several *venires* of jurors

[Wells v. The State.]

to serve during the year 1891. In this the jury commission mistook the statute, and their duty under it; and on motion properly made, it would have been the duty of the trial court to so declare.—*Murphy v. State*, 86 Ala. 45. The legal result of this is, that the county of Hale was without petit jurors to serve during the year 1891 who had been drawn in the manner prescribed by the statute.

There being, then, no legally drawn juries to serve at the several terms of the court, in what manner was the error or omission to be remedied? This must be answered by the statutes themselves.

The act of 1887—Code, vol. 2, p. 132, *in note*—repeals all former statutes on the subject which conflicted with its provisions. We have seen that the time of drawing juries for the next ensuing year is directed to take place "on the next day after adjournment of the last regular term of the court of County Commissioners. . . held in each year."—§ 2. It is further provided, in the same section, that "if for any reason a meeting of the board of jury commissioners is not held at the time appointed for such meeting, a meeting shall be held on a call of the president of the board, as soon after the time appointed for such meeting as practicable." We have now stated all the provisions found in the act of 1887 bearing on the question we have in hand.

It will be observed that this case does not fall within that provision of the statute which declares that, "if for any reason a meeting of the board of jury commissioners is not held at the time appointed for such meeting, a meeting shall be held on the call of the president of the board, as soon after the time appointed for such meeting as practicable." There was in this case no failure of a meeting of the board of jury commissioners at the time appointed by the statute. They did meet, and they did act. The error they fell into was, that in their action they did not conform to the law. They drew the requisite number of jurors, but they did not draw them as the statute commanded they should be drawn.

The act of 1887 makes no provision for such a case as this. It contains no clause authorizing the re-assembling of the board of jury commissioners at any subsequent time, for the purpose of correcting errors or mistakes that may have been committed at the law-appointed meeting. And we have no authority for going beyond the provisions of the statute, even though in doing so we may appear to have done the defendant no actual injury. We must observe and enforce the law as it is written. There was no authority for the action taken by the jury commission at its called meeting in June.

[Askew v. The State.]

It would seem that, when a court of original jurisdiction finds itself without juries legally drawn, and for that reason quashes the *venires*, it must, as the statute now stands, supply the omission under section 4327 of the Code of 1886. Possibly, this subject needs legislative attention.

For not quashing the *venire* of petit jurors drawn and summoned for the week in which defendant was tried, the Circuit Court erred.

Reversed and remanded.

### *Indictment for Murder.*

