# Peters *v.* The State.

*Indictment for Grand Larceny.*

1. *Organization of grand jury; action of court invalidating organization.*—Under the special statute establishing the District Court of Colbert and Lauderdale counties, as, under the general laws of the State, where the grand jury has been organized, composed of fifteen men, has chosen its foreman and entered upon the discharge of its duties, and by reason of sickness, or other cause, the body is reduced below fifteen in number, an order of the court directing the drawing of additional grand jurors is illegal, without an order first discharging those absent from the original panel.

2. *Same; not a mere clerical error.*—Such action of the court is not an error committed by a ministerial officer; it is fatal to the indictment, and subjects it to being quashed in the court below.

APPEAL from the District Court of Lauderdale county.
Tried before the Hon. W. P. CHITWOOD.

The facts sufficiently appear in the opinion of the court.

JOHN T. ASHCRAFT, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The District Court' of Colbert and Lauderdale counties was created by the act approved February 13, 1891.—Sess. Acts 1890–91, p. 605. In section 9 of said act, it is provided "that the grand and petit juries shall be drawn and empanelled in the same manner as is, or may be, provided by law for grand and petit juries in the Circuit Court of said counties."

By our latest jury law, approved February 28, 1887—Sess. Acts, p. 151, Code 1886, vol. 2, p. 131, note—after providing for the drawing of jurors, in section 9 of said act it is provided, "That out of the grand jurors so summoned and attending, the court shall organize a grand jury, as now provided by law, and if, by reason of sickness, or nonattendance, or any cause, a sufficient number shall not appear, the court shall order the sheriff to summon from the qualified citizens of the county, twice the number necessary to complete the grand jury, and from such number shall be

drawn, in the manner required by law, a sufficient number to complete the grand jury."

In Vol. 2, Code of 1886, section 4337, is this provision: "At least fifteen persons must be sworn on the grand jury, one of whom must be appointed as foreman by the court; and if he is discharged or excused for any cause after the jury is sworn or charged, the court may appoint another in his place."

At a District Court for Lauderdale county, commencing on January 2, 1893, a grand jury was organized consisting of fifteen persons, of which J. H. Olive was appointed and sworn as foreman. At a later day of the term, to-wit, on January 11, 1893, the court made the following order: "The grand jury comes into court and reports that the number composing the grand jury have been reduced to thirteen by reason of the sickness of Hiram Cox and the sickness of the family of James H. Olive; it is ordered by the court that the sheriff summon from the qualified citizens of the county four persons, and place their names in a hat, from which to complete this grand jury; and the sheriff thereupon, after a compliance with the order of the court, drew from the hat the names of J. R. Cox and J. L. Howell, who being found to possess the necessary qualifications as grand jurors of this court at this term, they were then duly and legally sworn as grand jurors for the purpose of completing the grand jury as aforesaid. And the court then directed that owing to the absence of J. H. Olive, the regular foreman of the grand jury, that W. T. Calahan be sworn as foreman of the grand jury, which was accordingly done by the clerk of this court administering to the said W. T. Calahan the oath prescribed by law for the foreman of the grand jury. And after these proceedings were completed the grand jury retired to further prosecute their labors."

On the next day, January 12, 1893, the grand jury returned into court the indictment on which the defendant in this case was tried and convicted of grand larceny. That indictment was returned "A true bill," signed "W. T. Calahan, foreman of the grand jury."

It will thus be seen that the grand jury, at that term of the court, was first organized, and consisted of fifteen members, of which body J. H. Olive was selected and sworn as foreman. This was a judicial determination that the body should consist of fifteen persons. At a later day of the term, without making any order discharging or excusing any of the members constituting that body, the court added two members to its number. This was done on the report of the

[Fountain v. The State.]

body that one of their members was sick, and that another member, the foreman, had a sick family. Such order should not have been made, without a prior order discharging the jurors as to whom the report had been made. Made as it was, it had the effect of increasing the grand jury to seventeen members, although we feel morally sure such · was not the court's intention. This was an error committed by the court itself in an order made, and not an error committed by a ministerial officer. It is fatal to the indictment, and will compel it quashed in the court below.—*Finley v. State*, 61 Ala. 201; *Cross v. State*, 63 Ala. 40; *Scott v. State, Ib.* 59; *Weston v. State, Ib.* 155; *Peck v. State, Ib.* 201; *Murphy v. State*, 86 Ala. 45.

Reversed and remanded. The prisoner will remain in custody until discharged by due course of law.

Reversed and remanded.