# Ramsey *v.* The State.

*Indictment for Burglary and Larceny.*

1. *Organization of grand jury; when motion in arrest of judgment properly sustained.*—When the court organizes a grand jury of sixteen persons, this is a judicial determination that such grand jury should consist of that number for that term of the court; and if, without excusing or discharging two of the jurors who were reported absent, the court orders two talesmen summoned, one of whom was selected, sworn and became a member of such grand jury, such order of summons, and the placing of the talesman upon the grand jury are illegal, and the error thus committed by the court, being shown on the record, is fatal to a judgment of conviction in a criminal case, and a motion in arrest of such judgment should be sustained.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant in this case was tried and convicted under an indictment which contained three counts; one charging burglary, the second grand larceny, and the third receiving stolen property. At a subsequent day of the term, and before the sentence, the defendant filed a motion addressed to the court in arrest of judgment, which was as follows: "Comes the defendant in this cause and, after verdict and before sentence, prays that judgment herein may be arrested, and for cause says: 1st. That the grand jury presenting the indictment upon which defendant was tried and convicted was not a legally constituted body. 2d. Because after the organization of said grand jury with sixteen members, and before said indictment was presented and filed in this

court the organization of said grand jury as a legal body was destroyed by order of this court increasing the number of said grand jurors to seventeen when sixteen grand jurors had been legally constituted the grand jury for this term of the court. 3d. Because the said bill of indictment was not found and presented by a legally constituted grand jury. Wherefore for these and other manifest defects, in the record appearing, defendant moves the court that judgment be arrested, and he be discharged.''

The record shows the following facts: That upon November 2, 1896, upon a call of the venire for the grand jury, eighteen persons answered to their names, two of whom, G. T. Anderson and W. A. Davis, were for good cause excused, leaving sixteen persons present and not excused. That R. P. Thompson was appointed foreman of said grand jury, and that the said Thompson together with all the other members of said jury were duly sworn according to the law, and that they retired to enter upon their labors. (A jury of sixteen men.) On the 7th day of November, 1896, five days after the said grand jury had been duly organized, sworn and charged as required by law, said grand jury came into court, and it appearing to the court that by reason of the absence of J. G. Hudson and D. T. Goodwin, members of said grand jury, its number had been reduced to fourteen persons, the court ordered the sheriff to summon from the qualified citizens of the county two persons to complete said grand jury; that upon the summoning of two such persons, one of them, John Turner, was duly selected in the manner prescribed by law to complete said grand jury, and was duly sworn as a member thereof. On the 11th day of November, 1896, the said indictment was filed in open court, and on the 13th day of said month R. P. Thomason, foreman, being excused, J. G. Hudson, a member of said grand jury, was appointed in his stead. Upon these facts appearing of record, the court overruled the motion in arrest of judgment.

CALDWELL & JOHNSTON, for appellant.—When there is some order of the trial court or some action of the presiding judge appearing of record and relating to the organization of the grand jury, which is without warrant in the statute, or is contrary to its provisions, such or-

[Ramsey v. The State.]

der or action forms a valid ground of objection to the organization of the grand jury, notwithstanding the provisions of section 4445 of the Code of 1886. In this case the motion in arrest of judgment should, therefore, have been sustained.—*Peters v. State*, 98 Ala. 38; *Boyd v. State*, 98 Ala. 33; *Cross v. State*, 63 Ala. 40; *Finley v. State*, 61 Ala. 201; *Berry v. State*, 63 Ala. 126; *Fowler v. State*, 100 Ala. 96.

WILLIAM C. FITTS Attorney-General, and A. P. AGEE, for the State—1. The court followed the statute strictly—it ascertained by the report of the grand jury that their number was reduced below fifteen by reason of the absence of Hudson and Goodwin, and upon such report it became the duty of the court to complete the jury by adding to it in the manner that was done.—Code of 1886, p. 131, note.

2. There is another reason which we think a sound one why the judgment of the city court should be affirmed in its action in overruling the motion in arrest of judgment. The city court of Anniston is a court of general jurisdiction as to subject matter, and if its records are silent or general in their recitals as to the organization of the grand jury, then the presumption of regularity and legality will be indulged, in order to support its judgments. And if the law be that Hudson and Goodwin ought to have been discharged or excused before Turner was added to the grand jury, in order to complete it, this court, in order to sustain the judgment of the lower court, would make the reasonable presumption that while the record is silent, the court excused Goodwin and Hudson before having Turner summoned, and that neither of them returned prior to the time that the indictment against Ramsey was returned into court. *Blevins v. State*, 68 Ala. 92; *Finley v. State*, 61 Ala. 201.

BRICKELL, C. J.—Notwithstanding the argument in support of the action of the city court, in relation to the constitution of the grand jury, we are constrained by our former decisions, and particularly by the case of *Peters v. State*, 98 Ala. 38, referring to many of the prior decisions, to declare that the city court erred in overruling the motion of the appellant in arrest of judgment. It is to be regretted that errors of this kind are not of in-

frequent occurrence in the primary courts. We may be permitted to say, the occurrence of them could be avoided, if there was an observance of the statutes and the repeated decisions of this court in exposition of them, and care taken that the record clearly and distincly discloses the observance. The court in the first instance, organized a grand jury of sixteen persons. According to repeated decisions of this court, this was a judicial determination that the grand jury should consist of that number for that term; a determination the court was without power to vary. Without discharging two of the jurors, who were reported absent; without inquiry into the character of the absence, whether it would probably endure, or was expected to endure, for the term; or whether it was merely accidental, as such absence often occurs, the court, without excusing or discharging these jurors, ordered the summoning of two talesmen, one of whom was selected, sworn, and became a member of the grand jury. One of the absent jurors, subsequently appeared, was recognized, and participated in the deliberations of the jury. We are not assured what was the purpose of the court—whether it was to reduce the number of the grand jury to fifteen, if the absent jurors did not subsequently appear, or if they did appear, to increase it to seventeen. Whatever may have been the purpose, an error was committed by the court, patent on the record, fatal to the judgment of conviction. The motion in arrest of judgment should have been sustained. This error will compel the quashing the indictment in the city court.

The judgment is reversed and the cause remanded; the prisoner will remain in custody, until discharged by due course of law.

Reversed and remanded.