# Fryer *v.* The State.

## *Murder.*

(Decided May 10th, 1906, 41 So. Rep. 172.)

*Grand Jury; Power to Order; Adjourned Term.*—Where the order calling for the organization of the grand jury that returned the indictment shows that it was made under Sec. 5001, such organization was invalid when made at an adjourned term, and not at a special term, as Sec. 5001 refers to special terms, and Sec. 5000 refers to the organization of a second grand jury at the same term; and an indictment found by such a grand jury was invalid.

APPEAL from Monroe Circuit Court.

Heard before Hon JOHN T. LACKLAND.

The defendant was charged with unlawfully and with malice aforethought killing Julius Wheeler by shooting him with a gun or by cutting him with a knife, and it appears from the face of the indictment that it was preferred at an adjourned term of the circuit court of Monroe county. Motion was made to quash the indictment on the ground that it was preferred by an illegally organized grand jury and by a grand jury organized and held at a time not allowed by law. Motion to quash was overruled, and on trial the defendant was convicted, and

sentenced to the penitentiary for fifteen years. From this conviction, this appeal is prosecuted.

J. N. MILLER and BAYLES, HYBART & BURNS, for appellant.—The record discloses that the indictment was returned by a grand jury organized at an adjourned term of the circuit court. No provision was made at the spring term, 1905, for a grand jury at this adjourned term. There was no operation for section 4998 of the code. The conditions did not exist to make section 4999 operative. Section 5001 does not apply to adjourned terms, but only to special terms. It is also clear that an adjourned term is part of the regular term, and except as provided by section 5000 of the code, the court is without authority to organize two grand juries at the same term.—91 Ala. 16; 51 Ala. 25. An adjourned term was but the prolongation of the regular or previous term. —22 Ala. 57; 8 So. Rep. 553.

MASSEY WILSON, Attorney General, for the State.—The order for the grand jury is found on page 4 of the record, and was evidently made both under the authority of sections 5000 and 5001 of the code. In the case of Oakley v. State, 135 Ala. 15, 21, the court held that section 5000 "does not require that the court in its order for a grand jury shall particularly describe or restrict the grand jury in describing the offense to be investigated, or shall specify the name of a person as being charged with its commission. For the court to do so in advance of the investigation might be impracticable and might tend to defeat the objects of the investigation. It is, therefore, immaterial that the order for the grand jury which indicted the defendant does not name him or the offense with which he is charged by the second count of the indictment." It would seem under this opinion that the question is without merit unless the fact that the court convened the grand jury at the adjourned term makes a distinction. But an adjourned term is merely a prolongation of the regular term, and the court during such adjourned term has the same power as during the regular term.—Vandyke v. State, 22 Ala. 57; Holley v.

*Younge,* 69 Ala. 89; *Keith v. State,* 91 Ala. 2; *Carwile v. State; Coker v. State,* 144 Ala. 28.

Nor was it material that the offense was committed since the adjournment of the regular term, and for the purposes of this question the session of the court should be considered as open for the purpose of organizing a grand jury under section 5000.

It was not material that the grand jury was organized under section 5000, with the power to investigate "numerous indictable offenses and homicides," and not alone the offense committed by this appellant.

TYSON, J.—The indictment upon which this defendant was convicted was preferred by a grand jury organized at an adjourned term of the court, after discharge of the former grand jury which was organized at the previous session of the same term. The only authority for organizing a second grand jury at the same term of the court (and an adjourned term is but a prolongation of the regular term) is conferred by section 5000 of the code of 1896, which is as follows: "When any indictable offense is committed during the session of the court and after the grand jury has been discharged, the court may in its discretion, cause an order to be entered on the minutes commanding the sheriff forthwith to summon eighteen persons possessing the requisite qualifications of grand jurors," etc. The order making provision for the grand jury, entered on the day of the convening of the adjourned term, to-wit, July 17, 1905, is in this language: "It being made known to the court that since its adjournment, and since the discharge of the regular grand jury summoned for the term of the court, numerous indictable offenses and homicides had been committed within the county, and parties charged with said offenses are now confined in the jail of the county, and that in the opinion of the presiding judge the public good requires that a grand jury be organized for the purpose of investigating the alleged indictable offenses and homicides, it was (is) ordered that the sheriff of the county forthwith summon eighteen persons from the qualified citizens of said county, possessing the requisite

qualifications of grand jurors, to appear on Wednesday, July 19, 1905, and serve as grand jurors for the said adjourned term."

It is entirely clear from this language that the order was not made under the section above quoted, but was made under § 5001 of the code.—*O'Brien v. State,* 91 Ala. 16, 17, 8 South. 559. This latter section has no application to adjourned terms, but applies solely to special terms. The distinction between a special term and an adjourned term of the court is so obvious under our statutes, and has been so often pointed out by the court, that it is unnecessary to do so here. I Mayfield's Dig. §§ 915, 916, 917. So, then, independent of the question of power or authority of the grand jury to investigate and indict for the offense alleged in the indictment, because not committed during the session of the court, it is invalid, and should have been quashed, for the reason that the judge was without authority to order a grand jury to be summoned under section 5001 of the code of 1896. This conclusion is clearly supported by the *O'Brien Case, supra.* See, also, *O'Byrnes v. State,* 51 Ala. 25. The case of *Oakley v. State,* 135 Ala. 15, 33 South. 23, is clearly not opposed to these views. In that case the act establishing the Walker county law and equity court expressly authorized the judge of that court to "order a grand jury to be drawn, summoned and empannelled for said court and county of Walker, whether or not a grand jury shall have already been had for said term of said court." Nor does the section 5269 of the code have any application. *O'Byrne's Case, supra.* As said in that case: "We cannot doubt that a grand jury, constituted in any other manner than prescribed by the statute, * * * is without legal warrant. A grand jury is not a mere assemblage of 15 or 18 persons in the jury box, congregated by an order of the court or by their own volition, or at the summons or on the behest of an unauthorized person. It is a constituent element of a circuit or city court, having criminal jurisdiction, sitting at a regular term, drawn selected and summoned in a mode clearly prescribed, under the superintendence and in the exercise of the sound judgment, of the sworn

officers of law." The motion to quash the indictment should have been granted.

Reversed and remanded.     ,

WEAKLEY, C. J. and SIMPSON and ANDERSON, JJ., concur.     ,,