# Spivey, *et al. v.* The State.

## *Murder.*

(Decided June 29, 1911.　56 South. 232.)

1. *Pleading; Abatement; Demurrer.*—A demurrer to a plea in abatement admits the truth of the facts well pleaded.

2. *Jury; Grand Jury; Organization.*—Under section 7572 of the Code of 1907, an objection that the grand jury was not drawn by the officers designated by law for that purpose, but was drawn by the Judge of another court in that county, and prior to the 20 days before the beginning of the term of the circuit court which found the indictment, may be taken by a plea in abatement.

3. *Criminal Law; Arrest of Judgment; Grounds.*—Where the record affirmatively shows an error committed by the court in the organization of the grand jury which is fatal to a judgment on an indictment found by such jury, an objection thereto may be taken by a motion in arrest of judgment.

4. *Indictment and Information; Manner of Objection; Statutory Provision.*—Section 29 Acts 1909, p. 317, was intended to take the place of Section 7256, Code 1907, but was not intended to repeal or supersede Section 7572 Code 1907.

5. *Same; Motion to Quash; Grounds.*—Where error going to the organization of the grand jury which found and returned an indictment is apparent of record, and is fatal, an objection thereto may be made by motion to quash.

(Simpson, McClellan and Somerville, JJ. dissent.)

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Robert Spivey and others were convicted of murder, sentenced to the penitentiary for thirty years, and they appeal. Reversed and remanded.

FOSTER, SAMFORD & CARROLL, and W. L. PARKS, for appellant. Counsel insist that under sections 16 and 29 of the Jury Law the grand jury returning the indictment were drawn by a person without authority, and that the indictment was subject to the plea in abatement, was subject to motion to quash, and for that matter, the judgment based on such indictment was subject to be arrested on motion made to that end. Counsel also discussed the evidence and the courts action thereon, but without citation of authority. They insist that charges 2, W, 9, U and S should have been given.—*Bonner v. State*, 97 Ala. 47. Charge M should have been given.—116 Ala. 445; 117 Ala. 192; 123 Ala. 50; 123 Ala. 69.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court was not in error in its rulings on the motion to quash the indictment, or sustaining demurrer to the plea in abatement.—*Smith v. State*, 142 Ala. 14; Acts 1909, p. 310, Sec. 15; sections 7300 and 7304, Code 1907. The court was not in error in its rulings on the evidence.—*Taylor v. State*, 42 Ala. 529, 530; *Stewart v. State*, 63 Ala. 199; *Billingsley v. State*, 68 Ala. 486, 491; *Shelton v. State*, 73 Ala. 511; *Jones v. State*, 103 Ala. 1; *Ferguson v. State*, 134 Ala. 63, 67. The threat made by Spivey was admissible.—*Poe v. State*, 155 Ala. 31. A condition expressed in a threat does not destroy its admissibility.—*Poe v. State, supra; Fuller v. State*, 155 Ala. 61; *Jordan v. State*, 79 Ala. 9. Counsel discuss the charges given and refused, but in view of the opinion it is not deemed necessary to here set them out.

MAYFIELD, J.—Appellants were indicted and convicted for the murder of Lee Stephens, by shooting him

with a pistol, and sentenced to the penitentiary for a term of 30 years, from which judgment they prosecute this appeal.

To the indictment the defendants pleaded, in abatement, that the grand jury which found and returned the indictment was not drawn by the officer designated by law for that purpose, but was drawn by the judge of another court of Pike county, and prior to the 20 days before the beginning of the term of the circuit court which found the indictment, and that the grand jury should have been drawn by the judge of the circuit court, instead of by the judge of such other court.

If the fact averred in these pleas in abatement are true (and on demurrer they must be so treated), the grand jury ·that found and returned this indictment was not drawn "in the presence of the officers designated by law," and its organization was therefore a ground of objection which could be taken by plea in abatement, under an express provision of section 7572 of the Code of 1907.

The solicitor and the trial court, in interposing and sustaining the demurrer to these pleas in abatement, evidently acted upon the theory that the pleas were within the operation of section 29 of the jury law, found in the Acts of 1909 (page 317). In this there was error. This section of the new jury law was evidently intended to take the place of section 7256 of the Code, which is a part of the jury law, and was not intended to repeal or take the place of section 7572, pertaining, not to the jury law, but to the pleading and practice in criminal cases. This section (29) of the act, and its corresponding section (7256) of the Code, constituted parts of the jury law as distinguished from those parts of the law pertaining to pleading and practice, of which section 7572 forms a part. The former

[Spivey, et al. v. The State.]

provides for and limits the objections that can be taken to any venire, or venire facias, of jurors, but does not attempt to provide for, nor to regulate or limit, the objections that can be taken to an indictment, though the ground of objections to the indictment may pertain to the grand jury which returned it.

It is true that in section 29 of the present jury law the objection to venires is not limited to those of petit juries, as it was in section 7256 of the Code, and it may therefore be said to extend to a venire or a venire facias for grand, as well as for petit, juries; yet there is no attempt, in the section as now amended, to extend or to limit the objections that can be taken or interposed to an indictment. The former statute (section 7256 of the Code), corresponding to it, applied to grand, as well as petit, juries, for selecting, drawing, and summoning; and likewise provided "that juries selected, whether at an early or a later day, must be deemed legal and possessing the power to perform all the duties belonging to grand and petit juries respectively."

This statute (section 7256 of the Code) has applied —at least since the Code of 1896—to *grand and petit* juries, and has all the while provided that the law pertaining to their selection, drawing, or summoning shall be directory, and not mandatory. Consequently this section of the jury law does not now attempt, and has never attempted, to limit the objections that may be taken to indictments; but, on the other hand, section 7572 of the Code now answers, and has always served that purpose. To illustrate: The jury law has for a long time provided that no objection can be taken to any venire, *except for fraud* in the drawing or summoning; yet this objection could not be taken to an indictment, if the grand jury was drawn in the presence of and by the officers designated by law; that is, this ques-

[Spivey, et al. v. The State.]

tion could not be inquired into on a plea in abatement, nor on motion to quash an indictment, if the grand jury was drawn in the presence of, and by the officers designated by law, for the reason that section 7572 of the Code was intended to provide for the objections which could be taken to an indictment; while the other sections of the jury law were intended to provide for and limit the objections which could be taken to a venire.

In the early history of this state, if the grand jury was not summoned as required by law, an objection on such ground was fatal to the indictment, and likewise if one of the number was not a qualified juror. There was then no presumption in favor of the regularity or validity of the grand jury, nor of the competency of any grand juror. All these questions could then be put in issue by a plea in abatement, and the burden of proving it rested upon the state, and not upon the defendant.— *State v. Williams*, 5 Port. 130; *State v. Higdon*, 7 Port. 167. But statutes were subsequently enacted which corresponded to section 7572 of the Code, and which were its progenitors, and limited the objections to indictments as to the grand jury, or grand jurors, finding and returning the indictment, to the one, that they were not drawn in the presence of the officers designated by law.—*Boulo v. State*, 51 Ala. 18. This was the only objection that could be taken to an indictment by a plea in abatement or a motion to quash. It has, however, always been a valid objection to an indictment, on motion in arrest of judgment, that the record affirmatively shows an error committed by the court in the organization of the grand jury, which is fatal to a judgment of conviction.

In case the error is apparent of record, and is fatal, and goes to the organization of the grand jury which found and returned the bill, the objection is availing on

motion in arrest of judgment, or by motion to quash; otherwise by plea in abatement.—*Ramsey v. State,* 113 Ala. 49, 21 South. 209; *Peters v. State,* 98 Ala. 38, 13 South. 334.

These two provisions—one applying to the jury law, and the other to indictments—have been often pointed out by this court.

The earlier cases were reviewed by Justice Haralson, in *Linehan's Case,* 113 Ala. 79, 21 South. 500, in which he says: "In the last case cited [*Murphy v. State,* 86 Ala. 46, 5 South. 432], it was said by Stone, C. J., speaking for the court: 'We have several times held that the later statutes regulating the drawing and impaneling of juries have not repealed section 4445, Code of 1886; section 4889, Code of 1876.' In that case the objections to the organization of the grand jury were substantially the same as these here urged, by plea in abatement, to the proper and legal organization of the grand jury in this case, and the court held that under the provisions of said section 4445 of the Code, which were still in force, the court did not err in overrulng the motion to quash the venire." The provisions of the Code referred to in the passage quoted correspond to those now under consideration.

It was also said in *Linehan's Case* that the uniform ruling as to objections to indictments had been to disallow all defenses, save the one which rests on irregularity in drawing and impaneling grand juries, and that is the statutory ground that they were not drawn in the presence of the officers designated by law; but it was added that there was an additional exception, in that, if there appeared of record an order of the court, or some action of the presiding judge, relating to the organization or to the action of the grand jury, and that order or action was without warrant under the

[Spivey, et al. v. The State.]

statute, or was contrary to its provisions, then the objection could not be taken by motion in arrest of judgment, and probably not by plea in abatement, or motion to quash, under certain conditions.—See *Peters and Ramsey Cases, supra; Billingslea's Case,* 68 Ala. 486; *Murphy's Case,* 86 Ala. 46, 5 South. 432.

As remarked by Brickell, C. J., in *Ramsey's Case, supra,* it is to be regretted that errors of this kind are not of infrequent occurrence. But when such errors do occur, or are made to appear in the appropriate manner prescribed by law, they are fatal to a judgment of conviction, and will compel the court to quash the indictment.

It was further said by the same learned Chief Justice (speaking to the same subject) that: "The Bill of Rights declares 'that the right of trial by jury shall remain inviolate,' and guarantees to the accused, 'in all prosecutions by indictment, a speedy public trial, by an impartial jury of the county or district in which the offense was committed;' and, further, that he shall not 'be deprived of his life, liberty, or property, but by due process of law.' Impartiality is the highest, most indispensable qualification of a judge, or of a juror, who is to sit in judgment upon the life, liberty, or property of his peer; so far as it may be expected from men having common interests, hopes, and fears, it is the purpose of all our legislation to secure."

It was said by Stone, C. J., (*Johnson's Case,* 102 Ala. 13, 16 South. 103), speaking to the same subject, that the "right of trial by an impartial jury is a constitutional privilege, sanctioned by long observance, and should at all times be jealously guarded as one of the essential safeguards against the abuse of official power; but such abuse is not presumed; it must be shown to authorize the imputation of error."

Chief Justice Brickell, in speaking to the subject of the validity of the organization of grand juries (*O'Byrnes' Case*, 51 Ala. 28), said: "We cannot doubt that a grand jury, constituted in any other manner than prescribed by the statute, is, in the language of this court, in *State v. Brooks*, 9 Ala. 9, 'without legal warrant.' A grand jury is not a mere assemblage of 15 or 18 persons in the jury box, congregated by an order of the court, or by their own volition, or at the summons of an unauthorized person. It is a constituent element of a circuit or city court, having criminal jurisdiction, sitting at a regular term, drawn, selected, and summoned in a mode clearly prescribed under superintendence, and in the exercise of the sound judgment of sworn officers of the law.—*McQuillen v. State*, 8 Smedes & M. (Miss.) 587. The statute, it is true, declares that its provisions in relation to the selection, drawing, and summoning of jurors are merely directory, and that juries selected, drawn, or summoned at an earlier or later day must be deemed legal. When this statute is read, as it must be, in connection with the succeeding section of the Code, prohibiting any objection to the formation of the grand jury except that it was not drawn in the presence of the officers designated by law, * * * it is obvious that it is indispensable to the constitution of a grand jury (unless the particular case in which the court is empowered to form or originate a jury exists) that it shall be drawn by the officers having exclusive authority to draw it."

In the case of *Tucker v. State*, 152 Ala. 4, 44 South. 588, it was said, by Tyson, C. J., speaking to the subject of a plea in abatement, that "the exception in the statute does not relieve the officers designated of the duty of drawing grand jurors from the box which they are required to prepare; that

[Spivey, et al. v. The State.]

they cannot make up any venire which is to compose the grand jury in any other way; and if they do advantage may be taken of it by plea in abatement," citing *Cochran v. State,* 89 Ala. 40, 8 South. 78. In that case it was said: "To allow the officers charged with this duty to select the grand jury in any other mode would not only violate the plain mandate of the statutes, but would open the way for the evils which it was manifestly their purpose to prevent."

In the case of *Osborn v. State,* 154 Ala. 44, 45 South. 666, it was held that it was error for the trial court to increase the number of grand jurors to 15, by supplying the place of the foreman, who was disqualified as to that particular case only; and that the court erred in increasing the number to 15, because after a grand jury is once legally organized, and the number subsequently reduced, the law does not authorize an increase, unless the number is reduced to 13; and that, when thus organized, indictments found and returned were void, and would not support a conviction.

It was also held, in *Fryer's Case,* 146 Ala. 4, 41 South. 172, that a grand jury constituted in any other manner than that prescribed by law is without legal warrant, quoting what was said in *O'Byrnes' Case.* It was held and decided in that case that the judge of the trial court, being in certain cases and under certain conditions authorized and empowered to draw and organize grand juries, could not draw and organize a valid grand jury at any time or in any manner, other than that provided by the statute; and that if he did so indictments found by such grand jury were void, and would be quashed on proper and timely application.

It therefore follows that the trial court was in error in sustaining the demurrer to the pleas in abatement, and for this error the judgment must be reversed and

the cause remanded.   It is both proper and unnecessary, therefore, to pass upon any other questions raised in this record.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

SIMPSON, J.—(Dissenting.)—I cannot concur in the conclusion of the majority of the court in this case. Laws are enacted and courts are established for protecting the rights of the people, punishing violators of the law, and promoting justice, not for the purpose of indulging in academic discussions of technical matters which do not affect the true merits of cases brought before our courts of justice.   In former times, our common-law ancestors worked so many refinements into legal procedure that they became justly the theme of the satirist, in their vain efforts to determine the difference "twixt tweedledum and tweedledee;" but in England, the home of the common law and of the jury system, they have succeeded better than we in relieving the legal procedure of these excrescences, and get down to the merits of cases with more celerity and accuracy than we do.   While, from some cause, our laws have not been amended as fully as they might and from the reluctance of the courts to depart from ancient landmarks, it may be that the justice of cases is sometimes sacrificed to fruitless discussion of immaterial matters, yet we think that our many statutes on the subject of grand and petit juries evince a desire to lop off all unnecessary technical discussions which do not affect the real merits of the case.

Section 7572 of the Code of 1907 provides that: "No objection can be taken to an indictment, by plea in

[Spivey, et al. v. The State.]

abatement, or otherwise, on the ground that any member of the grand jury was not legally qualified, or that the grand jurors were not legally drawn or summoned, or on any other ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law."

The evident intention of the Legislature, in the enactment of this law, was that the law should designate such officers as should be intrusted with the important duties of drawing said juries, and that no one, except those whom the laws had declared competent and qualified to perform this service, should interfere.

In this case, while the special act does provide that the circuit judge shall draw up to 20 days before the convening of the court, and that if he does not, then the judge of the inferior court shall draw, yet the act clearly declares that both of said officers are possessed of the qualifications necessary to be intrusted with this duty, and whether the jury is drawn before or after the 20-day period the officer who draws it is the officer designated by law, and it cannot affect the competency of the officer to act fairly and honestly whether he draws on the 21st day or on the 20th day. It is only a question of time, and, unless the record discloses that some injustice has been done, the case should not be reversed for this cause.

McCLELLAN and SOMERVILLE, JJ., concur.