# Wilder v. The State.

## Violating Prohibition Law.

(Decided January 23, 1913.　60 South. 923.)

*Grand Jury; Substitution of Foreman; Legality.*—Where the foreman of a grand jury was excused for the term on the 3rd of August, on account of sickness, he was not instantly rendered ineligible for further service, nor was his acts invalidated, nor the grand jury rendered an illegal body between the 3rd and 5th of August, when his successor was sworn in, and hence an indictment returned during such time was not illegal.

APPEAL from Morgan Law & Equity Court.

Heard before Hon. THOMAS W. WERT.

Joseph E. Wilder was convicted for violating the prohibition law and brought his case by appeal to the Court of Appeals, who, under the authority of the statute, certified to the Supreme Court the following question as an abstract proposition: "The appellant in this case challenged the validity of the indictment against him by appropriate and timely attack in the trial court on the ground that the foreman of the grand jury, Geo. D. Williamson, had been excused by an order of the court, on the third day of August, 1912, from further service as a grand juror; but that, notwithstanding this fact, he continued to serve as the foreman of the grand jury until the fifth day of August, 1912, when, acting as such foreman, he returned into open court the indictment in this case against the defendant, endorsed by him as such foreman.

"The record in this case shows the following order of the court: 'Now on this third day of August, 1912, on account of the sickness of Geo. D. Williamson, foreman of the grand jury now in session in this court, it is ordered by the court that the said Geo. D. Williamson be,

and he is hereby, excused from further service on said grand jury.'

"Following this order is another order made by the court requiring the jury box to be brought into the court and reciting that the presiding judge in open court drew from the jury box the names of two jurors, who were ordered to be duly summoned to appear in court on the fifth day of August, 1912, at 10 o'clock, to serve as grand jurors. It is further shown that the persons so drawn appeared on August 5th, 1912, and that one of them was selected and sworn as a member of the grand jury, and that W. A. Boger, a member of the grand jury, was duly sworn as the foreman thereof.

"It is shown by the record in this case that the indictment upon which the defendant was put upon his trial, was on August 5th, 1912, returned to and received by the court and filed and endorsed 'A true bill. G. D. Williamson, foreman.'

"It appears from the pleadings raising the question of the validity of the indictment, that the foreman of the grand jury, Geo. D. Williamson, applied to the court on Saturday, the third day of August, 1912, to be relieved from service as a grand juror because of his ill health, and that the court thereupon entered the order hereinabove set out, excusing said grand juryman, who had been selected as the foreman of the grand jury, from further service. It further appears, however, that the said Williamson continued to serve as foreman of the grand jury and to participate in the deliberations of that body until some time during the day of August 5th, 1912, when he returned into court the indictment in this case against the defendant, endorsed as above set forth.

"It is also shown that the indictment against the defendant was found by the grand jury after the said or-

der excusing the said Williamson as foreman was entered by the court, and that Williamson participated in the deliberations of said grand jury at the time of finding the indictment.

"Question: Was the indictment preferred against the defendant in this case a valid indictment?"

TIDWELL & SAMPLE, for appellant. The only question raised on this appeal is the validity of the indictment which was properly raised by motion to strike and by plea in abatement. The indictment was signed not by the foreman, but by an intruder or usurper who had been relieved of service as foreman two days before the return of the indictment.—Section 7300, Code 1907; *Mose v. State*, 35 Ala. 325; *Winston v. State*, 52 Ala. 420; *Coburn v. State*, 44 South. 58; *Whitley v. State*, 52 South. 202; *Bilbo v. State*, 50 South. 927. Williamson was not a member of the grand jury at the time the indictment was returned and yet was serving as a member thereof and as foreman.—*Osborne v. State*, 45 South. 666; *Nordan v. State*, 39 South. 406. Williamson was not shown to have been redrawn or resworn after being excused and was not shown to have been drawn by the proper officers.—*Nixon v. State*, 68 Ala. 535; *Rowe v. State*, 2 South. 459; s. c., 3 South. 2; *Dotson v. State*, 88 Ala. 208; section 7204, Code 1907. This record imports absolute verity showing that Williamson was excused August 3, and parol evidence was not admissible to show a contradiction in the order and the record, or to collaterally assail the record in this case.—*Ex parte Rice*, 102 Ala. 679; *Knox v. Paul*, 95 Ala. 507; *Cross v. State*, 63 Ala. 43; *Deslonde v. Darrington*, 29 Ala. 92; *State v. Clarkson*, 3 Ala. 382; *State v. Allen*, 1 Ala. 442.

ROBT. C. BRICKELL, Attorney General, W. R. WAL-KER, SAMUEL BLACKWELL and E. W. GODBEY, for the State. A grand juror is an officer of the court and even if the order excusing Williamson took immediate effect, yet he was an officer de facto as long as he acted. —*Garner v. Clay*, 1 Stew. 182; *Thompson v. State*, 21 Ala. 48; *Harris v. Harris*, 41 Ala. 364; *Digg's Case*, 49 Ala. 311; *Thrower's Case*, 52 Ala. 22; *Flournoy v. Clements*, 7 Ala. 535; *Roberts v. State*, 126 Ala. 74; *Walker v. State*, 142 Ala. 7; *Ex parte State, ex rel. Attorney General*, 142 Ala. 87; *Plymouth v. Painter*, 44 Amer. Dec. 579; *State v. Noyes*, 41 Am. St. Rep. 45. The grand jurors are public officers. See all the Law Dictionaries and *People v. Dolan*, 6 Hun. 232. In any event there was a mere irregularity and the indictment was not void.—*State v. Cooley*, 71 Am. St. Rep. 502 and cases there cited.—20 Cyc. 1332. This being true the indictment was not void under our jury law.—Sections 23 and 29, Acts 1909, page 305.

ANDERSON, J.—While the record shows that Williamson, the foreman of the grand jury, was excused for the term on account of sickness on August 3d, this did not necessarily, eo instanti, render him ineligible for further service, and he did not cease to be a member of said body until he had availed himself of the excuse, or until replaced by a successor who was sworn in in his place. While the court excused Williamson on the 3d, an order was made to summon persons from whom his successor should be selected returnable on the 5th, and the fact that said Williamson was excused on the 3d, would not necessarily invalidate his acts or render the grand jury an illegal body because he served on same between the granting of the excuse and the swearing in of his successor. The court could

no doubt discharge a grand juror peremptorily, and so
as to go into effect immediately, and before his place
was supplied by another; but when the court merely
excused him, upon request, and did not then and there
swear in his successor, but provided for doing so on
a future day, and the said excused juror failed to avail
himself of said excuse until his successor was found
and sworn in, he was not a disqualified or illegal grand
juror, and the acts of the grand jury cannot be nullified
because he continued to discharge his duty.   Moreover,
the court did not treat the excuse as an immediate dis-
charge of Williamson, as it received from him, as fore-
man of the grand jury, this indictment in open court on
the 5th, and which was presumptively before the swear-
ing in of another foreman and another grand juror,
as there is nothing in the record to indicate that Wil-
liamson's successor was sworn in before the return of
the indictment on the 5th.   From aught that appears,
Williamson did not avail himself of the excuse at once,
but remained at his post, for the purpose possibly of
passing on bills and returning them into court in cases
in which he had heard the evidence, and which were
not, and could not have been, heard by his successor.
Of course, the court could not lawfully substitute him
until he was discharged or excused; and, if the record
showed that another was sworn in without first getting
rid of him, it would doubtless be an illegal body.—
*Peters v. State;* 98 Ala. 38, 13 South. 334.   But the va-
cation of one and swearing in of the other can be al-
most contemporaneous, and the chief purpose of the
law in this regard is to prevent both of them from being
on the grand jury at the same time, and the fact that
the court, when excusing Williamson on the 3d, pro-
vided for his successor on the 5th, and continued to
treat said Williamson as foreman on the 5th, is a strong

indication that it was not intended that the excuse granted on the 3d was to go into effect immediately. It does not appear that Williamson was discharged for incompetency or misconduct; and, while this proceeding was a little irregular, this man had been sworn in as a regular and competent grand juror, and his failure to vacate immediately after being excused, when taken in the light of all the circumstances, did not render him an illegal member of the body, and it would be a technical obstruction of justice to strike down all the indictments found between the said excuse and the swearing in of his successor. There was, in legal effect, a waiver of the excuse for the time being, both by the court and Williamson.

We hold that the facts set forth did not affect the legality of the indictment.

All the Justices concur.

### *Violating Prohibition Law.*

